## Bayer *versus* Reeside.

A claim, stating the amount, for stone, mason-work, &c., and materials, to wit, stone, lime, sand, &c., done and furnished within the six months last past, to wit, between the 1st June, 1848, and 1st April, 1849, is sufficiently definite as to time

Error to the District Court of *Allegheny county.*

This was the case of a *scire facias* by Reeside *vs.* Bayer, on a mechanic's lien filed by Reeside *vs.* Bayer, owner and contractor, &c., for $147.10.   Reeside, stone-mason, filed his claim for the payment of $147.10 against a certain two-story brick house, (describing its situation,) and lot of ground, &c., to wit, stone, mason-work, &c., and materials, to wit, stone, lime, sand, &c., done and furnished by the said Alexander H. Reeside, within the six months last past, to wit, between the 1st June, 1848, and 1st April, 1849, for and about the erection and construction of said building and appurtenances, of which the said Dr. C. Bayer was and is the owner, or reputed owner; and at his instance and request, he being the contractor, architect, and builder thereof, &c., and the said claimant hereto annexes a bill of particulars of the amount of his said debt, &c. :

Dr. C. Bayer to Alexander H. Reeside,     *Dr.*

To 91½ feet cut stone hearth, at 35 cents per foot.........$ 31.90
" 302 feet Ashler drawn cut stone, at 37½ cents per foot 113.25
&c., &c., &c.
including 90 feet curbstone, at 25 cents per foot, 22.50.   Credit was allowed for $96.42; leaving a balance of $147.10.

The above work done and materials furnished, between June, 1848, and April 1st, 1849.

No date was stated in the account.   A demurrer was filed on the part of defendant.   Judgment on the demurrer against defendant, *quod respondeat ouster.*

It was objected that the lien does not set forth the time at which the several materials were furnished, or the time said work was done.   2d. That said claim includes material not subject to lien. The latter objection referred to the claim for curbstone.

The case was submitted on the printed arguments.

*Sewell* was for plaintiff in error.

*Stewart* and *Marshall* were for defendant.—In their argument, it was remarked: With regard to the exception to the charge of $22.50 for curbstone, this point was not made below, and whether curbstone, in the erection of a building, is not necessary to the

[Bayer *v.* Reeside.]

building, is an open question. It will be observed that the claimant gives a credit in his claim for $96.42; the defendant below not having made appropriation at the time of payment, the mechanic has the right to do so. On the trial of this cause below, the defendant made no attempt to deny that the work was performed, and that the mechanic faithfully earned his claim, and the jury, by their verdict, have disposed of all the technical objections to the claim.

The opinion of the court was delivered, October 28th, by

BURNSIDE, J.—The plaintiff complains that the lien filed does not set forth the time at which the several materials were furnished, or the time the said work was done. The act of the 13th June, 1836, section 12, directs that the claim should set forth the time when the materials were furnished or the work was done, as the case may be. I think, in this case, there was a substantial compliance with the act. The defendant in error was a stone-mason, and his claim is filed for stone-mason work. The building is well described. His claim is for the work, and for the stone, lime, and sand, done and found, within six months past, viz., between the 1st June, 1848, and the 1st April, 1849. The bill is given, but it has no other date. The lien is filed for a specific sum, and it specifies the particular work done. It was for this work done and materials found, six months before the claim filed. The case of Shaw *v.* Barnes, 5 *Barr* 20, is a direct authority to support this judgment. There the claim was for plastering within six months before the claim filed. This court there said, that these claims are frequently filed by mechanics unaccustomed to legal forms. We allow a claim which is defective in form to be stricken off, on motion and rule, from the record; but after a trial on the merits, technical objections are disregarded by this court.

Judgment affirmed.