## Gray *versus* Dick.

1. The Act of March 24th 1849, Pamph. L. 675, authorizing mechanics and material-men to file in certain cases lumping charges in mechanics' liens within the counties of Chester and Philadelphia, confers such a right only upon contractors with the owner or owners of the premises against which the lien is filed, and not upon sub-contractors. The latter are still bound in all cases to itemize their liens.

2. Where a sub-contractor files a lien containing such a lumping item, it will not be sufficient to validate it, as against the owner, that the date of beginning and ending the work or furnishing the materials included in such item are thereto appended.

January 27th 1881. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY, STERRETT and GREEN, JJ.

Error to the Court of Common Pleas, No. 2, of *Philadelphia county :* Of July Term 1880, No. 47.

This was a scire facias sur mechanic's claim for $265.06, filed by William Gray against Walter B. Dick, owner, and John McLaughlin and Albert J. McLaughlin, contractors, for material furnished and stonework done towards the erection of a building on Sixteenth street, near Jefferson street, in the city of Philadelphia.

The following were the facts of the case :

The plaintiff, a dealer in brown stone, on March 4th 1878, entered into an agreement, in writing, with Albert J. and John McLaughlin, who were the contractors with Walter B. Dick for the erection of a brown-stone residence on North Sixteenth street, in the city of Philadelphia, to furnish the cut-stone work for the house to be erected. The work was to be furnished in accordance with plans and specifications prepared by the architect in charge of the building, J. K. Yarnall, Esq. In this agreement it was stipulated that the price of this work should be $1150, payable by instalments as the work progressed. The plaintiff completed his work and received two payments on account, leaving due him on account of the stipulated price the sum of $230

[Gray *v.* Dick.]

Plaintiff, on February 12th 1879, then filed the claim in controversy for this amount, under the provisions of the Act of March 24th 1849, Pamph. L. 675, adding thereto sundry small items, aggregating $35.06.

The following is the bill of particulars filed to accompany the claim :

### BILL OF PARTICULARS.

Philadelphia, Jan. 31st 1879.

Messrs. J. & A. J. McLAUGHLIN,
Bought of WILLIAM GRAY.

1878.

| | | |
|---|---|---:|
| | To stonework of W. B. Dick's house, 1524 North 16th, above Jefferson, as per contract, . . . . . | $1150 00 |
| Mar. 8— | To 2½ hrs. man rubbing bricks on wheels, @ $1.00, . . . . . | 2 50 |
| Apl. 2— | To 36 buff enam. bricks, @ 8 cts., . | 2 88 |
| | To 1½ hrs. man rubbing on wheel, @ $1.00, | 1 50 |
| " 3— | To 2 rubbers, ¾ day ea. on wheel, 1½ days, @ $10.00, . . . . . | 15 00 |
| " 9— | To 21 enam. buff brick, @ 8 cts., . . | 1 68 |
| | To 11½ hrs. of man rubbing on wheel, @ $1.00, . . . . . . | 11 50 |
| | | $1185 06 |

CR.

1878.

| | | | |
|---|---|---:|---:|
| Apl. 23—By cash, . . . . . | | $600 00 | |
| May 25—    " . . . . . | | 320 00 | |
| | | | $920 00 |
| | | | $265 06 |

Commenced, March 5th 1878.
Finished, Sept. 14th 1878.

Subsequently a scire facias was issued on the claim, and a rule to plead thereto filed, whereupon the owner, Walter B. Dick, on April 14th 1880, obtained a rule on the plaintiff to show cause why the item in the bill of particulars annexed to the claim, and covering the price stipulated in the written agreement should not be stricken out. On April 17th 1880, the court made this rule absolute, and at the same time refused the motion of plaintiff asking leave to amend the claim by withdrawing and striking out of the bill of particulars all the dates, amount and items except those referring to the items covering the stipulated price.

Plaintiff thereupon took this writ, assigning for error (1) The

[Gray *v*. Dick.]

action of the court in making absolute the rule striking off the first item in the claim; and (2) The refusal of the court, on plaintiff's motion, to allow the remaining items to be stricken off.

*M. Hampton Todd* (with him *J. R. Booth*), for plaintiff in error.—The first item of the claim should not have been stricken out. It was in literal compliance with the Act of March 24th 1849. The claim was properly filed by a sub-contractor. If it be argued that the Act of 1849 did not intend to confer the privilege of filing such a lien upon him, because the contract made by him is not directly with the owner, we submit that where work is done by a sub-contractor, in accordance with plans and specifications furnished by the owner's architect, the owner has all the information that could reasonably be required, to enable him to ascertain whether or not the lump sum was a proper amount for him to pay for what was placed upon his property.

The charge is properly inserted as to form. Shields *v* Garrett, 5 W. N. C. 120, is not adverse to this claim. There the lumping charge was put under one date, and the statement of the beginning and ending of the whole work included all the other items in the bill. In the claim in this case the lump charge or stipulated sum has separate and independent dates for the commencing and finishing of the work under the special contract.

As to the other items in the bill it would appear reasonable that if the defendant by adverse motion could strike out an item of the claim, the plaintiff could voluntarily renounce and withdraw one or more items, and this view would seem to be strengthened by the Act of June 11th 1879, Pamph. L. 122, authorizing amendments to mechanics' claims in any stage of the proceedings.

*John M. Thomas*, for defendant in error.—Besides the first, the fourth and seventh items have no date attached. The dates annexed to the bill of particulars as those of beginning and ending the work are therefore indefinite, in that they might apply to either one of several items. The court was therefore justified, under the authority of Shields *v*. Garrett, 5 W. N. C. 120, in striking out the first item. It was there decided, notwithstanding a date is given to a lumping charge filed under the Act of 1849, that where such a charge forms one of a series of items, each having an appropriate date, it is not sufficient compliance with the terms of said act to state when the whole work was begun and ended. Here the failure to comply with the requirements of the act is even more flagrant. The Act of April 16th 1845, sect. 5, Pamph L. 538, authorizing contractors to file lumping claims in certain cases has been construed not to exempt sub-contractors from the obligation of itemizing their liens: Russell *v*. Bell, 8 Wright 47; Lee *v*.

[Gray v. Dick.]

Burke, 16 P. F. Smith 336. The same construction should be placed upon the Act of 1849.

As to the remaining items the court had no power to amend the lien by striking them out, more than a year having elapsed since the lien was filed: Russell v. Bell, 8 Wright 47. Nor is this power conferred by the Act of June 11th 1879, Pamph. L. 122, for this is not retroactive: Sutton v. Clark, 7 W. N. C. 437; Ashman v. McIlvaine, 8 W. N. C. 309; Sparr v. Walz, 9 W. N. C. 64.

At any rate no injury was done the plaintiff by the refusal to strike out those items, as, the first item being stricken out, the omission of the rest would have left plaintiff without any item at all.

Mr. Justice TRUNKEY delivered the opinion of the court, February 7th 1881.

A supplement to the Act of 1836, relating to mechanics' liens, provides: "It shall be lawful for any mechanic or material-man in the city or county of Philadelphia and county of Chester, who performs work and furnishes materials, to include both in the same claim filed; and where the value or amount of the work or materials can only be ascertained by measurement when done, or shall be done by contract for a stipulated sum, it shall be lawful to file a statement of the time when the work was commenced and when finished, and of the aggregate price of the work and materials:" Act of March 24th 1849, Pamph. L. 675. The plaintiff submits that the claim filed complied with the requisites of this act. It was a literal compliance, and the sole question is whether the plaintiff comes within the intendment of the statute.

The contract was not made with the owner; he was not a party to it, and presumably knew nothing of it. Such a contract would not be evidence of the sum which the owner ought to pay, nor of the amount of the claimant's lien on the building. The mechanics' lien laws have not invested contractors with power to obtain work and materials and bind the building for a larger sum than such work and materials are worth. As a general rule, the claim shall set forth the nature or kind of the work done, or the kind and amount of materials furnished, and the time when the work was done or materials were furnished, with reasonable certainty. This is the mode prescribed for giving the owner of the building information of the grounds of the claim; and, formerly, it had to be observed by contractors as well as by claimants with whom the owner had no contract relation.

The Act of 1845, Pamph. L. 538, provided for the case of a special contract made by a mechanic with the owner for the erection of a building or a part thereof; and in such case it is not required to set out in the claim the nature or kind of work, or kind and amount of materials furnished, for there is no reason for

1 OUTERBRIDGE—10

[Gray *v.* Dick.]

application of the general rule: Young *v.* Lyman, 9 Barr 449. Each party to the contract has knowledge of the claim under it, and the reason for furnishing particulars does not exist. That supplement declares that the Act of 1836 shall " extend to and embrace claims for labor done and materials furnished and used in erecting any house or other building, which shall have been or shall be erected, under or in pursuance of any contract or agreement for the erection of the same ;" but, notwithstanding its general terms, it was decided that it did not place a sub-contractor on the same footing with the contractor—he continued bound to set forth particulars in his claim as directed by the Act of 1836, or his lien would fall: Russell *v.* Bell, 8 Wright 47 ; Lee *v.* Burke, 16 P. F. Smith 336. Among the reasons given in those cases for strict construction are : The sub-contractor is entitled to no more than the fair market value of the work done and materials furnished on the credit of the building, and hence the owner should be informed by the claim filed as to the particulars of the claim, that he may make the necessary inquiries to satisfy himself of its justice as a lien on his property. The agreement between the contractor and sub-contractor is not the measure of the owner's responsibility ; his building is bound for no more than the value of the work done and materials furnished by the sub-contractor, and he has a right to insist on compliance with the requisites of the Act of 1836.

Every reason given for the distinction of the contractor under the supplement of 1845 applies in full force to the supplement of 1849. If the latter includes only those who contract with the owner, it harmonizes with the previous legislation, and wrongs nobody. But if it embraces sub-contractors, the owner of the building in this case has all the particulars he is entitled to, namely, the contract price which the contractor agreed to pay for stonework done by the claimant between March 5th and September 14th 1878. What light does that give one who is called on to pay a debt owing by another man ? It is sufficient for the victim to see the amount demanded, but not to see that it is right. Unless imperatively required by the words of a statute, it should not be made an instrument of rank injustice. Not only is the right of lien a privilege to a favored class of creditors in addition to all remedies common to other creditors, but this supplement is local, limited to two counties. Therefore, by universal rules, it must receive a strict construction as to the persons and subjects to which it relates. Where a mechanic or material-man contracted with the owner, and the value of the work or materials can only be ascertained by measurement, or is stipulated in the contract, it is enough to give the aggregate price with the dates of commencing and finishing. There is reason in that the parties stand equal. In such case, the contractor is within the words and intendment of the

[*Gray v. Dick.*]

statute. Sub-contractors and persons who work for or sell materials to contractors are not necessarily included in the language of the statute, and we think are clearly without its intendment.

It is unnecessary to remark upon the question raised by the second assignment. If the motion to strike out was for the purpose of validating the claim under the alleged contract, it was rightly refused: *Fahnestock v. Wilson,* 9 W. N. C. 385.

But for the special circumstances, this writ of error would be quashed, even without motion. Consent of parties will not induce review by piecemeal. However, we were statisfied that a decision either way would end the dispute, and consider the case as if the claimant's motion had been granted by the court below.

Judgment affirmed.