Samuel H. Brown *v.* Louis J. Kolb, substituted trustee under the will of John G. Kolb, deceased, Appellant.

*Appeals—Harmless error.*

A judgment will not be reversed for an error which could have done the appellant no harm.

*Mechanic's lien—Apportioned claims—Separate blocks—Subcontractor—Evidence.*

Where there are blocks of houses so differing in size, style, material, location or time of erection that the material going into their construction readily may be distinguished and ascertained, the lien claimant may file a separate claim against each block, apportioned among its own constituent houses, although all the blocks are erected by the same contractor under one contract.

If it become necessary to give evidence of the materials and labor furnished under the contract it is proper that the jury should have the whole account before them in order that they may understand more clearly the evidence as to admitted payments, the evidence being accompanied by proof that the lien was filed and apportioned only against the block in

question although another house was covered by the contract and book entries.

*Mechanic's lien—Certainty of dates, etc.—Contract and extra work—Time of.*

As to time and dates of work done and material furnished for which a mechanic's lien is filed, all that is required is such certainty as will enable those interested to discover during what period materials were delivered or the work done so as to individuate the transaction. Extra work, though outside the contract, is so closely connected with it as always to be included with that done and furnished under the contract, in filing the claims. Including contract and extra work in same lien subserves the interests of both contractor and owner and it accords with such interests, as well as with the statute, that the claim may be filed within six months after the building is finished, even if one kind in fact was not within six months of the filing.

*Mechanic's lien—Lumping charge—Assumption of contract by owner.*

The objections to a lumping charge as made by a subcontractor do not apply where the owner has assumed the contract and directed a subcontractor to proceed with his contract; such work, done under a special contract with the owner, for a stipulated sum, need not be itemized in the claim or bill of particulars.

*Evidence—Belated exception to admission of mechanic's lien.*

Where a mechanic's claim and bill of particulars have been admitted in evidence, without objection, and defendant's counsel have used them in cross-examination, it is too late to except to their admission after the evidence is closed, especially when there was nothing to impeach the general rule that a claim and bill of particulars may be read to and sent out with the jury in order that they may know what they are trying.

Argued Oct. 14, 1897. Appeal, No. 104, Oct. T., 1897, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. T., 1893, No. 537, M. L. D., on verdict for plaintiff. Before RICE, P. J., WICKHAM, BEAVER, SMITH and PORTER, JJ. Affirmed.

Sci. fa. sur mechanic's lien. Before FINLETTER, P. J.

It appears from the record that this was an action of scire facias upon an apportioned mechanic's claim filed against six adjoining houses on the north side of Scott street. The defendant took a rule to show cause why the lien should not be stricken off, the court gave claimant leave to amend his bill of particulars and upon filing the amended bill of particulars, discharged the rule to strike off the lien. Scire facias were issued upon two of the apportioned liens, to which defendant filed an

affidavit of defense. Pleas were afterward filed by defendant and the case was put at issue, it being agreed at the trial that the claims as to all the six houses should be considered as on trial and a verdict rendered as to all of them.

Verdict and judgment for plaintiff for $220.01. Defendant appealed.

*Errors assigned* were (1) to the admission of plaintiff's testimony as to items of work done and materials furnished, alleging that such evidence was at variance with the lien filed. (2) In allowing the plaintiff to testify as to work done for an operation which included six adjoining houses on one street and another house not adjoining the six houses and on an entirely different and separate street, and in refusing to strike out such testimony. (3) In permitting the plaintiff to give testimony as to items of extra work and materials alleged to have been furnished to the six buildings against which the lien in question was filed. (4) Allowing plaintiff to offer the lien with its amendments in evidence against the objection of defendant. (5) In refusing defendant's first point, which point is as follows : "1. The claim filed showing that the work and materials were furnished under and in pursuance of a special agreement made between the principal contractor and the plaintiff, and not specifying the items of work done and materials furnished, the charge is a lumping charge, the claim is fatally defective and not in accordance with the requirements of the statute. The verdict must therefore be for the defendant, Kolb." (6) In refusing defendant's second point, which point is as follows : "2. The plaintiff is not entitled to recover against the owner for work done or materials furnished, unless the time of doing the work or furnishing the materials is specifically set forth in the claim, and the kind of work and materials set forth." (7) In refusing defendant's third point, which point is as follows : "3. The claim in this case being for work and materials furnished to two different operations, and it appearing that the claim in suit is the apportionment of an apportionment, the verdict must be for the defendant." (8) In refusing defendant's fourth point, which is as follows : "4. Under all the evidence in the case, the verdict must be for the defendant." (9) In discharging defendant's rule to strike off lien.

*H. S. P. Nichols*, with him *Joseph DeF. Junkin*, for appellant.—Upon trial of the issue claimant testified to materials furnished and work done at times and in quantities entirely distinct from those referred to in the claim filed by him. This was the presentation of an altogether new claim; the proof was at variance with the allegations of the claim, and it is submitted that the testimony should not have been admitted by the trial judge. He was permitted to testify as to work done for an operation which included six adjoining houses on one street, and another house not adjoining the six houses; this was clearly error: Chambers v. Yarnall, 15 Pa. 265.

The extra work for which claim was made was in no sense done under contract, and there is no statute or decision which relieves either a principal contractor or a subcontractor from itemizing his claim for extras and from giving the specific dates when they were furnished.

While the formal validity of the lien is not put in evidence in the pleadings, yet the lien should not have been offered in evidence against defendant's objections to its validity; he having taken the only proceeding allowed him for testing the validity of the lien: Wharton v. Investment Co., 180 Pa. 168; Klinefelter v. Baum, 172 Pa. 652; Bernheisel v. Smothers, 5 Pa. Superior Ct. 113.

The question is whether the claimant in this case has complied with the terms of the statute relating to the filing of mechanics' claims, having failed to itemize his charges, and filing a lumping charge for work done under his contract with the principal contractor: Russell v. Bell, 44 Pa. 47; Lee v. Burke, 66 Pa. 336; Gray v. Dick, 97 Pa. 142.

Subcontractors have no such right conferred upon them, and are bound in all cases to itemize their claims: McFarland v. Schultz, 168 Pa. 634.

Plaintiff's claim is not helped by the allegation in the body of the claim, that the contract was ratified by the owner. The owner's knowledge whether acquired at that time or subsequently, does not affect him with a new responsibility, or confer a new right upon the subcontractor: Groezinger v. Ostheim, 135 Pa. 604.

Neither the claim with the original bill of particulars nor the amended bill of particulars sets forth the specific rates when

the work and materials were furnished, nor does it set forth the items specifically.  The amended bill of particulars lumps the charges in such a way that it is impossible to tell when the work was done or the materials furnished.

The claimant did not make separate charges to these distinct properties.  He made but one charge and then guessed about how much were furnished to the Reed street property and how much to the six houses on Scott street, and then apportioned the amount he thought properly chargeable to Scott street among the six houses.  This was an apportionment of an apportionment which is clearly illegal and renders such a claim fatally defective : Young v. Chambers, 15 Pa. 265; Goepp v. Gartiser, 35 Pa. 130 ; Brick Co. v. Johnson, 3 Pa. Superior Ct. 220 ; Schultz v. Asay, 10 W. N. C. 33, affirmed by the Supreme Court in 11 W. N. C. 194.

In Wharton v. Investment Co., 180 Pa. 168, it was held that the claim filed by a subcontractor, containing a lumping charge, was incurably bad and must be stricken off.

*Joseph W. Kenworthy*, with him *Allen Gangewer*, for appellee.—The argument of the defendant proceeds on a wrong assumption and misapplies the case of Chambers v. Yarnall, 15 Pa. 265.  The testimony of the plaintiff shows that there was a separate contract for the Scott street houses for a certain sum for each house.  Plaintiff did not testify as to charges against these houses.  He produced his book accounts containing memoranda made at the time of doing the work, showing the materials furnished, and stated that a proportionate amount of these materials went into the Scott street houses.  The case is entirely different from Chambers v. Yarnall.

If it were error to admit the book accounts, such error would not be ground for reversal, for all the facts were established by other and legal evidence : Wollenweber v. Ketterlinus, 17 Pa. 389.

It is submitted that the testimony respecting the extra work and the dates therefor is entirely sufficient : Rush v. Able, 90 Pa. 153.

The lien and record were admissible as evidence : Klinefelter v. Baum, 172 Pa. 652; Lybrandt v. Eberly, 36 Pa. 347 ; Odd Fellows' Hall v. Masser, 24 Pa. 507.

The statement of the time of the commencement and finishing of the work will be sufficient: Smith v. Sarvar, 5 Cent. Rep. 717; Thorn v. Heugh, 1 Phila. 322; Snyder Chapel v. Baer, 3 Penny. 530; Church v. Trout, Johnson & Co., 28 Pa. 153; Hahn's Appeal, 39 Pa. 409.

Each party to the contract has knowledge of the claim under it and the reason for furnishing particulars does not exist: Gray v. Dick, 97 Pa. 142.

After pleading to the scire facias objections cannot be made to formal deficiencies in the claim: Klinefelter v. Baum, 172 Pa. 652.

Brick Co. v. Johnson, 3 Pa. Superior Ct. 220, cited by the appellant, shows two apportioned liens (twenty houses and forty-five houses respectively) where there was one operation, one entire block of sixty-five houses, and one contract for sixty-five houses.

The following language will be found in the opinion of the Supreme Court in Robinson v. Snyder, 25 Pa. 207: "A judge may, in his discretion, strike out evidence after it has gone to the jury and instruct them to give no attention to anything contained in it. But it is not his duty to do so except in cases where the ground of objection was unknown to the adverse party at the time he consented to it, and where it is plain that his ignorance was not willful, for if he could have seen its incompetency by the exertion of due diligence, it is the same as if he did see it."

OPINION BY RICE, P. J., October 10, 1898:

The plaintiff averred in his claim, that the work was done, and the materials were furnished, "within six months last past, to wit: between the 26th day of October, 1892, and the 28th day of August, 1893," under a contract between him and Detrich, the general contractor, "ratified and approved and confirmed by the said Louis J. Kolb, substituted trustee," —who for present purposes may be treated as the owner—and "at the instance and request of both of them." The bill of particulars annexed to and made part of the claim contained a charge of $378 for "painting and glazing said houses according to agreement with said debtors, being commenced October 26, 1892, and finished August 28, 1893," and other charges, aggre-

gating $24.40 for "extra work as ordered by above named debtors and done upon the said houses and their credit, and finished the 28th day of August, 1893." Credits were allowed for payments aggregating $220.35, leaving a balance of $182.50.

The plaintiff testified on the trial, that he contracted with Detrich to paint and glaze the six houses according to the specifications for $63.00 each; that Mr. Kolb was present every day and superintended the work from the beginning; that when it was partially completed Detrich gave up the job, and the plaintiff refused to go on without directions from Mr. Kolb; that thereupon the latter sent for him, and, after being informed of the terms of the contract, and of the amount ($127) that Detrich had paid thereon, told the plaintiff to go ahead and finish the work and he would pay the bill when it was done; that in accordance with these directions the plaintiff finished the work; and that after deducting the payments made by Detrich and Kolb from the amount stipulated by the contract, and adding the cost of the extra work, the amount due him was $182.05. This was what he was permitted to recover under the charge of the court. But, in addition to giving proof of the contract to do the work for a stipulated sum, the plaintiff testified from his books of account as to the work and materials actually furnished under the contract. This testimony was objected to upon the ground that it did not correspond with the amended bill of particulars. The overruling of this objection, and the subsequent refusal to strike out the testimony are the subjects of the first and second assignments of error.

It seems, that the book charges testified to, included work and materials furnished, not only to the six houses in question, but also to another house on a different street. According to the plaintiff's testimony, the apparent variance between the book entries and the amended bill of particulars was due to the fact that in the latter he had included only the items furnished to the houses in question. These, he alleged, he had taken off his time reports, which have been since lost. With this explanation, assuming its truth, the jury would have no difficulty, if it had become necessary to do so, in separating from the general account testified to the items furnished to the houses in question. Thus understood, the case is plainly dis-

tinguishable from Chambers v. Yarnall, 15 Pa. 265. The attempt was, not to apportion the account between the house on Reed street and the block on Scott street, and then to apportion the sum charged to that block between the six houses composing it, but to show—in a roundabout mode it is true—the work and materials actually furnished to the latter block. It was conceded in Chambers v. Yarnall, that "though the entries" (in the book of account) "do not specify the building, that may be done by parol evidence; and had the entries been accompanied in this instance by an offer of such proof, it would have turned the scale." So, also, the Supreme Court has held in the last case upon the subject, " that where there are blocks of buildings so differing in size, style, material, location or time of erection that the materials or labor going into their construction may be readily distinguished and ascertained, the lien claimant may, if he chooses, file a separate claim against each block, apportioned among its own constituent houses, although all the blocks are erected by the same contractor under one contract with the same owner:" Gordon v. Norton, 186 Pa. 168. Moreover, if it was necessary or proper to give evidence of the materials and labor furnished under the contract, as the defendant claims it was, it was a matter of some importance that the jury should have the whole account before them in order that they might understand more clearly the evidence as to the payments. Therefore, we are not prepared to say that error was committed in the admission of the evidence.

Again, it is to be observed, that the plaintiff did not claim, and was not allowed, to recover the amount of his account for the labor and materials, but only the sum stipulated by the contract. In view of the manner in which the case was submitted to the jury the admission of the evidence was harmless, even if it was erroneous. It is too well settled to require the citation of authority, that a judgment will not be reversed for an error which could have done the appellant no harm. The first and seventh assignments of error are overruled.

The claim, as well as the bill of particulars, states that the work was done and the materials were furnished between October 26, 1892, and August 28, 1893. The extra work was itemized, but the specific date of each item was not given, it being stated that it was finished on August 28, 1893. It is suffi-

ciently clear, however, that these items of work and materials were done and furnished while the work under the contract was progressing, and between the dates above mentioned, and the proofs corresponded with the averments of the claim; the lien was filed within six months from the completion of the work, under the contract. The plaintiff testified as follows: " I have not the dates when this extra work was done; it was done in the month of August, 1893. I could tell you by those other dates." It is argued, that he should not have been permitted to recover for this ·extra work, (1) because the precise dates when it was done were not given; (2) because it did not appear that it was done within six months before the date of the filing of the lien.

Precisely the same objections were considered in Rush v. Able, 90 Pa. 153, a case where the claim, so far as it related to extra work and materials, was not more specific as to the dates of the several items than that under consideration. As to the first objection it was said, quoting from Calhoun v. Mahon, 14 Pa. 56, and citing Bayer v. Reeside, 14 Pa. 167, and McClintock v. Rush, 63 Pa. 203, as being to the same effect: " All that is required is such certainty as will enable those interested to discover during what period materials were delivered or the work done so as to individuate the transaction." Whether a stricter rule applies in the case of a subcontractor furnishing extra work or materials at the instance of the contractor, and whether that rule applies in the present case are questions which we shall consider hereafter. It will, however, be proper to remark in this immediate connection that the extra work and materials for which the plaintiff claims were ordered by the owner of the buildings and not by the original contractor for its erection. As to the second objection, the court said, referring to the case of a contract between the claimant and the owner: " Though outside the contract, they " (extra work and materials) " are so closely connected with it, that they have always been included with those done and furnished under the contract in filing the claim. . . . Including contract and extra work in same lien subserves the interests of both contractor and owner, and it accords with such interests, as well as with the statute, that the claim may be filed within six months after the building is finished, even if one kind, in fact, was not

within six months of the filing." The third assignment is overruled.

The fourth assignment cannot be sustained. The mechanic's lien and bill of particulars had been admitted in evidence without objection or exception before the plaintiff closed his case. Furthermore, the defendant's counsel had used them in the cross-examination of the plaintiff and the bill of particulars had been referred to in such a way as to make it a part of his testimony. Under these circumstances it was too late to except to the admission of the papers after the evidence was closed: Duvall v. Darby, 38 Pa. 56. Treating the objection then made as a motion to strike out, the ruling was not, under the circumstances, reversible error: Robinson v. Snyder, 25 Pa. 203; Lowrey v. Robinson, 141 Pa. 189. We are not to be understood as intimating that the objection would have been valid if it had been made in time. The general rule is that the claim, including the bill of particulars, may be read to and sent out with the jury in order that they may know what they are trying and there was nothing peculiar in this case to make it an exception. See Hall v. Masser, 24 Pa. 507; Harman v. Cummings, 43 Pa. 322; Lybrandt v. Eberly, 36 Pa. 347.

The remaining assignments may be considered together. As we understand the position taken by the defendant's counsel it is this : The claim as originally filed was defective because of the lumping charge of $378, and was not amendable after the time for filing a lien had expired. In support of this position they cite McFarland v. Schultz, 168 Pa. 634, and Wharton v. Investment Company, 180 Pa. 168. In the first mentioned case Mr. Justice McCollum said: "The claimant was a sub-contractor and bound to strict compliance with the provisions of the statute on which he relied for his lien. The reasons for exacting such compliance were clearly stated by Strong, J., in Russell v. Bell, 44 Pa. 47, and need not be repeated here. It has been repeatedly held by this court that a sub-contractor must specify the items of his claim for work or materials and that a lumping charge for either does not satisfy the requirements of the statute and should be stricken out on motion." In Wharton v. Investment Co., Mr. Justice Mitchell said: "It has been settled, certainly since Shields v. Garrett, 5 W. N. C. 120, if not before, that such a claim is incurably bad." The

reason given in the cases for requiring strict compliance with this rule when the claimant is a subcontractor, between whom and the owner no privity has existed, are that the agreement is not the measure of the owner's responsibility; therefore it is important that he should be informed by the claim filed as to the particulars of the demand, that he may be enabled to make the necessary inquiries to satisfy himself of its justice as a lien upon his property. But in the present case the claimant was not, strictly speaking, a mere subcontractor. The work was done and the materials were furnished for a stipulated sum " ratified, approved and confirmed " by the owner, at whose special instance and request, and upon whose express promise to pay it was carried on to completion. He had all the information which he would have had if it had been made with him in the first instance, and, under the special circumstances of the case as alleged by the plaintiff, assuming them to be established to the satisfaction of the jury, he was not in a position to deny that the measure of the plaintiff's right to recover was the stipulated sum, less the payments.

Work done and materials furnished under a special contract with the owner for a stipulated sum need not be itemized in the claim. Each party has knowledge of the claim under it and the reason for furnishing particulars does not exist: Young v. Lyman, 9 Pa. 449; Hahn's Appeal, 39 Pa. 409, 413; Baptist Church v. Trout, 28 Pa. 153, 156. This distinction is clearly recognized in Russell v. Bell, supra, Lee v. Burke, 66 Pa. 336; Shields v. Garrett, supra; Gray v. Dick, 97 Pa. 142 (construing the local Act of March 24, 1849, P. L. 675), and Brown v. Myers, 145 Pa. 17. Upon the averments of the claim, the testimony and the inferences, that a jury might legitimately draw therefrom, this case was within this principle, and not within the reason of the rule enunciated in the cases relied on by the defendant's counsel, or the rule itself. It follows, that the court committed no error in refusing to strike off the lien or in negativing the first, second and fourth points. The third point (seventh assignment) has been considered in another connection.

All the assignments of error are overruled, and the judgment is affirmed.