## Klein, Appellant, *v.* Levenson.

*Practice, C. P.—Admission of testimony without objection—Incompetent testimony—Refusal to strike out evidence.*

After testimony has been received without objection the refusal to strike it out is not the subject of a bill of exceptions; the only proper course is to pray the court to instruct the jury to disregard it, if it is incompetent.

Argued April 11, 1912. Appeal, No. 52, April T., 1912, by plaintiff, from judgment of C. P. No. 3, Allegheny Co., Aug. T., 1905, No. 352, on verdict for defendant in case of Adolph Klein v. J. Levenson. Before RICE, P. J., HENDERSON, MORRISON, ORLADY and HEAD, JJ. Affirmed.

Assumpsit by an indorsee against an indorser of a promissory note. Before EVANS, J.

The note was as follows:

"Pittsburg, November 7, 1904. Three months after date we promise to pay to the order of M. Glukoff One Thousand Dollars, at 2813 Penn Avenue, Pittsburg, Pa.,

without defalcation, for value received.   (Signed) Glukoff
Company, M. Glukoff, President."

"Indorsement: M. Glukoff, J. Levenson, Adolph Klein."

The facts appear by the opinion of the Superior Court.
Verdict and judgment for defendant.   Plaintiff appealed.

*Error assigned* was in refusing to strike out the testi-
mony referred to in the opinion of the Superior Court.

*T. F. Ganahan*, with him *Langfitt & McIntosh*, for ap-
pellant.—Under the rules of court of Allegheny county
the whole defense must be set out in the affidavit.   As the
testimony complained of referred to matters not set forth
in the affidavit of defense, it was clearly the duty of the
court below to strike it from the record: McGraw v. Ins.
Co., 5 Pa. Superior Ct. 488; American Fire Ins. Co. v.
Hazen, 110 Pa. 530; McLean v. A. Schoenhut Co., 225
Pa. 100; Pepper v. Cairns, 133 Pa. 114; Murphy v. Jones,
6 Atl. Repr. 726.

*J. B. Orr*, for appellee.—The objection, by reason of
variance, came too late and is not reviewable on appeal:
Lowrey v. Robinson, 141 Pa. 189; Carter v. Henderson,
224 Pa. 319; Hannum v. Pownall, 187 Pa. 292.

OPINION BY RICE, P. J., May 13, 1912:

This was an action of assumpsit by an indorsee against
an indorser of a promissory note.   The defense set up on
the trial, and established to the satisfaction of the jury,
was that the defendant became accommodation indorser
at the request of the plaintiff, in order to enable the latter
to have the note discounted at bank, and upon the faith
of the latter's promise that he would not hold the defend-
ant liable on his indorsement.   The validity of such a de-
fense is not questioned, but it is argued that it was not
available in this case because there was a variance be-
tween it and the defense set up in the affidavit of defense,
in that in the latter it was not alleged that the promise

was made by the plaintiff personally, but was alleged that it was made by his authorized agent. This contention is based on a rule of the court below which provides as follows: "No evidence will be heard upon the trial of the cause as to any facts not substantially alleged or referred to as a ground of action or matter of defense in the statements then on file in the cause." It would require a strained construction of this rule to hold that evidence of the plaintiff's personal promise would be inadmissible for any purpose under an allegation of the affidavit of defense of a promise the same in terms, made through an authorized agent. But be that as it may, the evidence was admitted without objection, and it was not until after the defendant had been cross-examined upon it and had rested his case, and the plaintiff had closed his rebutting testimony, and the case was about to go to the jury, that the plaintiff raised the objection, and then only by a motion to strike out. As already intimated, we are not prepared to say that the objection would have been sustainable if it had been made when the testimony was offered, much less that the plaintiff could hold it in reserve until the evidence was closed and then the court could give him the full benefit of it. See Hannum v. Pownall, 187 Pa. 292; Carter v. Henderson, 224 Pa. 319. At any rate, this is clear under all the authorities, that after testimony has been received without objection the refusal to strike out is not the subject of a bill of exceptions; the only proper course is to pray the court to instruct the jury to disregard it, if it is incompetent: Ashton v. Sproule, 35 Pa. 492; Yeager & German v. Weaver, 64 Pa. 425; McDyer v. East. Penna. Rys. Co., 227 Pa. 641; Brown v. Kolb, 8 Pa. Superior Ct. 413, 422; Monaghan's Pennsylvania Appellate Practice, sec. 161, p. 140. There was no such request, nor was there a request for binding instructions, and we are not convinced that either request ought to have been granted if it had been made.

The assignments of error are overruled and the judgment is affirmed.