## Mohnkern et al. v. Pivirotto

*Spangler & Walker,* for plaintiffs.
*James C. Furst* and *Walter F. Mitchell,* for defendant.

Fleming, P. J., November 7, 1933.—Upon the issue joined in sci. fa. sur mechanic's lien the jury found for the plaintiff. The matter is now before us upon defendant's motions for new trial and for judgment n. o. v.

The defendant contends that the averment that D. Sherman Breeden acted as agent for the defendant in his dealings with the plaintiff was not proven at the trial, and that the court erred in not affirming defendant's seventh point and directing a verdict in his favor. The plaintiff, at the trial, offered in evidence the lien filed, the notice of filing the lien, and certain admissions contained in the affidavit of defense, and rested. The defendant contends that had he moved for a nonsuit, which he did not, at this point in the case the court would have been obliged to sustain the motion, basing such contention upon the fact that no oral testimony of agency had been offered. The defendant, however, elected to proceed, and produced testimony by himself and by the alleged agent, Breeden, denying such agency. Further evidence of the giving of notes by Breeden to the plaintiff for the amount of lien claimed, or a substantial part thereof, as well as of the filing of proofs of claim in bankruptcy by the plaintiff against the bankrupt estate of Breeden, was offered.

We are in full accord with defendant's contention that the lien itself was not sufficient evidence to establish the agency averred therein. "Although a mechanic's lien cannot be admitted in evidence as proof of its contents, it may be offered as a part of the history of the case, and portions may be read which the

affidavit of defense conceded to be true": Ott v. Du Plan Silk Corp., 271 Pa. 322; Hills et al. v. Elliott et al., 16 S. & R. 56. This fully explains and excuses defendant's failure to object to the offer of the lien filed. Such lien is a claim only, and its averments prove nothing at the trial: Bernheisel v. Smothers et al., Trustees, 5 Pa. Superior Ct. 113, 116. It is an ex parte statement and manifestly has no evidential value to establish the truth of its statements: H. G. Vogel Co., Inc., v. Grape Products Co., 57 Pa. Superior Ct. 501, 505. The lien is admitted only to allow the jury to know what they are trying: Brown v. Kolb, Trustee, 8 Pa. Superior Ct. 413, 422. Agency was specifically denied in the affidavit of defense, and had defendant moved for a nonsuit at the close of plaintiff's case we would have been compelled to have sustained such a motion.

How, if at all, was plaintiff's case strengthened by the further testimony offered? It was shown that the alleged agent, Breeden, gave his personal notes to plaintiff for the amount of the lien, or a substantial part thereof. In Kinsley v. Buchanan, 5 Watts 118, it was held that the acceptance of a note is not a relinquishment of a mechanic's lien and that decision remains undisturbed. In the case just cited, the Supreme Court said: "Additional securities are, in their nature, cumulative; nor where the parties have not expressly or impliedly so stipulated, is there any reason why the one should be a relinquishment of the other." It may therefore be said that the filing of a proof of claim in bankruptcy against the bankrupt estate of Breeden could not affect plaintiff's right to a lien on the property in the instant case, as there was no stipulation, express or implied, averred or proven, between the plaintiff and the defendant that this should not be done. Under the existing law, the testimony offered by the defendant to this end was wholly irrelevant. No harm accrued or could accrue to the defendant by its admission. If it had any weight at all, it could not in any manner strengthen the plaintiff's case.

The plaintiff relied upon the provisions of section 4 of the Mechanic's Lien Law of June 4, 1901, P. L. 431, which provides as follows:

"Any owner, not being a committee, guardian or trustee, as aforesaid, who shall knowingly suffer or permit any person, acting as if he were the owner, to make a contract for which a claim could be filed, without objecting thereto at the time, shall be treated as ratifying the act of such person acting as if he were the owner, and the claim may be filed against the real owner, with the same effect as if he himself had made the contract. Ratification shall also be presumed, and a like subjection to lien shall follow, if the owner, not being a committee, guardian or trustee, as aforesaid, subsequently learning of such contract or of work being done upon his property, shall not, within ten days thereafter, repudiate the same, either by notice to the contractor and sub-contractors or by posting such repudiation on the most public part of the structure or other improvement."

The record shows, in support of that contention, the rather evasive and uncertain testimony of Breeden upon cross-examination. Upon being asked whether he had told the defendant that he was building a house on defendant's farm, he replied: "He knew that I was building and making improvements down there. I don't think directly this one house." When asked if defendant knew that he was acting as owner of the property, the witness replied: "Yes. I think he did"; but when asked: "What kind of a building did you tell him you were going to build?" he replied: "I don't know as I made any statement in regard to the kind of building I was going to build, because I hadn't fully decided yet myself as to what kind of a house I would build down there, except that I intended to build a house for a hunting camp." This last statement clearly indicates to the mind of the court that the defendant did not have knowledge of

what was being done, for Breeden himself, according to his own words, didn't know what kind of a building he was going to build when he talked with the defendant. Quoting from the second and third paragraphs of the syllabus in Shields v. Hitchman, 251 Pa. 455, we find: "2. A party seeking to charge a principal for the act of an agent must bear the burden of proving the extent of the agency.

"3. Where the relation of principal and agent exists, before an unauthorized act of the agent can be ratified by the principal, the principal must have full knowledge of all the facts and circumstances attending the act; the question of ratification cannot arise in the absence of proof that the principal had knowledge of such facts." Therefore, a fortiori, when the agent admits that he him-self did not know the facts and circumstances when he last talked with his alleged principal, such principal cannot, by any reasoning, be said to have ratified such acts as were subsequently done, in the absence of clear proof of blanket authority given to such agent. We are of the opinion, in the instant case, that the record discloses no proof of agency. The plainitff having failed to meet the burden of proof, we should have given binding instructions for the defendant, as requested at the trial.

An interesting question, not necessary to be disposed of here, is that raised by the defendant that plaintiff should have pleaded ratification. As defendant's counsel states, there are four possible defenses to the provisions of section 4, viz., (1) that defendant was not an owner but a mortgagee; (2) that defendant was a trustee; (3) that defendant was a landlord; or (4) that defendant was a vendor, and the person alleged to be an agent was a vendee. To enable the defendant properly to prepare his defense, the alleged ratification should be pleaded. We do not, however, decide this matter upon such ground, but for reasons heretofore stated.

And now, November 7, 1933, the rule for judgment n. o. v. is made absolute, and judgment is directed to be entered for the defendant.

From Musser W. Gettig, Bellefonte, Pa.