# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

Mercer Milling & Lumber Company Limited, Appellant,
v. Kreaps.

*Mechanic's lien—New building—Averments of claim.*

A claim for a mechanic's lien which avers that the claim is "for work done and materials furnished before and about the erection and construction, and upon the credit of the building hereafter mentioned," "and the said building was finished and completed" on a date mentioned, contains a sufficient averment that the building in question was a new building.

*Mechanic's lien—Insufficient items—Lumping charge.*

A mechanic's lien will not be stricken off by reason of an alleged lumping charge where the items are given in a bill of particulars with minuteness including the prices of each, and the dates of most of them, and it is averred in the body of the claim that all were furnished between two dates mentioned. It is not ground for striking off a claim as a whole that some of the items are insufficient.

Argued May 16, 1901. Appeal, No. 50, April T., 1901, by plaintiff, from order of C. P. Lawrence Co., Dec. T., 1899, No. 1, striking off mechanic's lien in case of Mercer Milling and Lumber Company, Limited, v. Mary R. Kreaps, Owner or Reputed Owner, and J. F. Fike, Contractor. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Motion to strike off mechanic's lien.
The lien was as follows:

VOL. XVIII—1                        (1)

The Mercer Milling and Lumber Company, Limited, above named plaintiff, hereby files its claim or statement of demand for work done and materials furnished for and about the erection and construction and upon the credit of the building hereafter mentioned, and against the same and the ground covered by said building and so much other ground immediately adjacent thereto and belonging to said Mary R. Kreaps, defendant, as may be necessary for the ordinary and useful purpose of the same, and sets forth as follows, to wit:

1. The name of the party claimant is the Mercer Milling and Lumber Company, Limited. The name of the owner, or reputed owner of said building is Mary R. Kreaps. The name of the contractor is J. F. Fike.

2. The amount claimed to be due is $280.73 for materials, viz: lumber, furnished and delivered within six months last passed, to wit: between October 10, 1898, and April 1, 1899; the following being a statement or bill of particulars setting forth specifically the kind of materials furnished, the items, dates and amounts thereof, and the price and value of the same.

| | | | | | | |
|---|---|---|---|---|---|---:|
| Oct. 10, 1898, | | 2 pec. $2\times8\times16$ pine | . . . | $ | .85 |
| " " | " | 130 pec. $2\times8\times16$ hml'k | 2816 ft. | | |
| " " | " | 56 " $2\times6\times16$ " | 896 " | | |
| " " | " | 34 " $2\times6\times20$ " | 680 " | | |
| " " | " | 295 " $2\times4\times18$ " | 3540 " | | |
| " " | " | 1922 ft. sheeting " | 1922 " | | |
| | | | 9914 @ 1100 | $190.05 |
| " " | " | 48 mock rafters $2\times4\times3$ at 14c each | 6.72 |
| " " | " | 4 fall rafters $1\frac{1}{8}\times6\times20$ at 36c " | 1.44 |
| " " | " | 25 sets door jams at 30c each . | 7.50 |
| " 26 | " | 1900 ft. Geo. pine flooring at 2c ft. . | 38.00 |
| " " | " | 1000 ft. hemlock flooring at . . | 17.00 |
| | | 2600 ft. cove siding at 2c . . . | 52.00 |
| | | 5 b'ch cut shingles at 1.30 . . | 6.50 |
| | | 209 ft. ceiling for cornish . . . | 3.76 |
| | | 450 ft. cornish lumber . . . | 13.50 |
| | | 27 steps . . . . . . | 2.88 |
| | | 42 risers . . . . . | 2.52 |
| | | 6 pec. $1\times12\times16$ poplar, 96 ft. at 3c | 2.88 |
| | | Amount carried forward, | $345.60 |

| | |
|---|---:|
| Amount brought forward, | $345.60 |
| 20 ft. slate mould . . . . | 3.15 |
| 2 window frames at 1.50 . . . | 3.00 |
| 130 ft. 4 in. crown mould . . | 3.10 |
| Nails . . . . . . | 6.00 |
| 2 face rafters $1\frac{1}{8}\times5\times8$ . . | .30 |
| 4 pec. $2\times4\times18$ hemlock . . . | .58 |
| | $280.73 |

The said materials were worth the prices mentioned in the foregoing statement, and were furnished and delivered to the said contractor for the said building and upon the credit thereof, and at the times and for the prices hereinbefore stated.

3. The said building is located on a lot or piece of land situate in the Fifth ward, city of New Castle, Lawrence county, Pennsylvania, and bounded and described as follows:

"Bounded on the north by lot now or formerly of A. M. Hanna; on the east by an alley; on the south by lot of Hugh Clements; and on the west by Pennsylvania avenue and being 40 feet in front on Pennsylvania avenue and extending back about 140 feet to said alley.

"The said building is a two story frame building used for a dwelling house being about thirty-six feet front and about forty feet deep, with slate roof, tin spouting and containing ten rooms and bath room, and having a stone foundation and cellar; and said building was finished and completed on the second day of April, 1899.

"Mercer Milling and Lumber Co., Limited,
                    By C. H. Akens, its Attorney.
"September 15, 1899."

*Error assigned* was order to strike off lien.

*C. H. Akens*, for appellant.—Substantial compliance with the requirement of the act is sufficient: Calhoun & Lyon v. Mahon, 14 Pa. 56; Bayer v. Reeside, 14 Pa. 167; Fourth Baptist Church v. Trout, Johnson & Co., 28 Pa. 153; Brown v. Myers, 145 Pa. 17; Gray v. Dick, 97 Pa. 142.

Certainty to a common intent is all that is called for, and this is satisfied if those interested may ascertain the period dur-

ing which the delivery of the materials was effected, or the
work was done, so as to individuate the transaction: Calhoun
v. Mahon, 14 Pa. 56 ; Driesbach v. Keller, 2 Pa. 77 ; McClintock
v. Rush, 63 Pa. 203 ; Rush v. Able, 90 Pa. 153 ; Fourth Baptist
Church v. Trout, Johnson & Co., 28 Pa. 153.

The claim avers that all the materials were furnished between
October 10, 1898, and April 1, 1899, and sets out certain dates
as those on which a part of the materials were furnished, which
is a sufficient compliance with the statute: Rush v. Able, 90
Pa. 253 ; McClintock v. Rush, 63 Pa. 203 ; Calhoun & Lyon
v. Mahon, 14 Pa. 56 ; Bayer v. Reeside, 14 Pa. 167 ; Knabb's
Appeal, 10 Pa. 186 ; Shaw v. Barnes, 5 Pa. 18 ; McCristal v.
Cochran, 147 Pa. 225.

*J. Norman Martin,* for appellee, filed no paper-book.

OPINION BY RICE, P. J., July 25, 1901 :

The claimant followed strictly the language of the act of 1836
and set forth, in its claim, that it was " for work done and mate-
rials furnished for and about the erection and construction and
upon the credit of the building hereafter mentioned," and after
setting forth other essentials, including a description of the build-
ing, concluded with these words, " and the said building was
finished and completed on April 2, 1889."    Where a claim does
not use the statutory phrase to describe either class of mer-
chanics' liens, or any equivalent words to indicate whether it
is for the erection of a new building or the alteration of an old
one, a rule to strike off the lien must be made absolute : Wharton
v. Real Estate Investment Co., 180 Pa. 168.    But in the same
case it was distinctly held, that a " claim which shows by apt and
sufficient words that it is for work or material furnished to a
new building will indicate its class, although it does not use the
statutory phrase ; " and, surely, if the statutory phrase, " for
and about the erection and construction of a building " is used,
there can be no doubt as to the class to which the lien belongs.
Indeed the court said in the case cited that they have been uni-
formly understood to mean a new building.

The rule as to lumping charges does not justify the striking
off of this lien.   The items are given in the bill of particulars
with minuteness, the prices of each and the dates of most of

them are given, and it is averred in the body of the claim that all were furnished between October 10, 1898, and April 1, 1899. Even if it be conceded that the lien is not good as to the items for which no specific dates are given in the bill of particulars (a point not necessary now to decide), it was unquestionably good as to the other items. It is not ground for striking off a claim as a whole that some of the items are insufficient : McCristal v. Cochran, 147 Pa. 225. See further Brown v. Kolb, 8 Pa. Superior Ct. 413.

The order is reversed, the lien is reinstated and the rule to show cause is discharged, the costs of this appeal to be paid by the appellee.