Opinion by
Henderson, J.,
This appeal arises on the distribution of a fund brought into court by the sheriff. Canter was the owner of the lot sold. He entered into a contract with Scott for the erection of a building thereon. Busse was a subcontractor for plumbing work and material, and Young & Schmitt for lumber, mill work, glass, etc. After the erection of the house the owner gave a mortgage to Scott for the balance due on the contract. Busse and Young & Schmitt afterward filed liens for their claims. Busse recovered judgment on his lien and sold the property at the sale which produced the fund for distribution. At the hearing before-the auditor the fund was claimed by the appellant who held Scott’s mortgage by assignment. The claims of Busse *516 and Young & Schmitt were contested on the ground that a no-lien contract was entered into between Canter and Scott which was filed in the prothonotary’s office before the subcontractors furnished the material and did the work claimed for. The mechanic’s hen creditors allege that the work on the building was commenced on a parol contract a considerable time before the written contract filed in the prothonotary’s office was executed and that they were therefore entitled to preference over the mortgage which was executed after they had furnished the material. The principal dispute was as to the time when the work of constructing the building was actually commenced, and the conclusion of the auditor on all the evidence presented was that this work was begun on or before September 26, 1905, pursuant to a verbal contract, and that the no-lien contract was inoperative against the mechanic’s lien creditors because it was not signed and filed until October 18, 1905. The evidence on the subject is somewhat contradictory, but it satisfied the auditor and the court below and we are not persuaded that their conclusion was unwarranted. There was testimony showing that the excavation of the cellar of the house was under way in the latter part of September, and in the opinion of the auditor the weight of the evidence was to that effect. This conclusion was approved by the court below, and we should give that conclusion the effect of the verdict of a jury on the subject. It would be unprofitable to cite authorities in support of this position; the principle is a familiar one. It was objected against the Busse lien that it recites a written bid or proposal as the basis of the hen and that the evidence does not disclose a written contract and that the lien does not set forth the nature, prices and the dates of the various articles delivered to the Scott house. An examination of the record, however, satisfies us that the claim is sufficiently stated to support a hen. It sets forth the written bid of the claimant and the acceptance of the bid by the contractor. It is declared that the labor was done and the material furnished between *517 January 24, 1906, and April 25, 1906, and that the service was continuously performed and this we regard as sufficient under all the authorities. A detailed account of the items of materials furnished and their kind and price is set forth, and this gives to the owner the necessary information to enable him to protect himself in dealing with the contractor. It is not difficult for him to learn whether the prices are excessive. For a part of the claim the price agreed to be paid was a lump sum, but the items of the materials furnished are specifically set forth and this was held sufficient in Willson v. Canevin, 226 Pa. 362. The auditor found that there was no question about the good faith of Young & Schmitt in furnishing the item of April 24, 1906, as set forth in their statement and that it was not furnished for the purpose of extending the time for filing a lien and this is evident for they had a considerable time within which to file a hen at the date when the last item was furnished. The form of the statement of account filed with the hen is a usual one and quite similar to that adopted in Mercer Milling & Lumber Co. v. Kreaps, 18 Pa. Superior Ct. 1. The last item is described as are numerous other items in the account and was sufficient we think to put the owner on inquiry if he desired more specific information as to the character and quahty of the article charged. The case was carefully and intelligently considered by the learned auditor, and we do not find reasons sufficient to justify the reversal of the decree.
It is therefore affirmed.