## McCune *v.* Hatch, Appellant.

*Mechanic's lien—Contractor and subcontractor—Lumping sum—Fraud.*

Where an owner of land enters into a written contract for the erection of houses on the land, and the person named as contractor makes a written contract with a third person to do the work and furnish the material, and the subcontractor, after the work is finished, files a lien for a lump balance without giving items of work and materials furnished, the lien will be sustained if a jury finds upon sufficient evidence that the owner was as a matter of fact the real contractor, that the named contractor was the agent of the owner, and a mere subterfuge used for the purpose of escaping lien in a lump sum by a subcontractor.

Argued May 9, 1901.    Appeal, No. 166, April T., 1901, by defendants, from judgment of C. P. No. 1, Allegheny Co., June T., 1898, No. 290, on verdict for plaintiff in case of David P. McCune v. Cyrus B. Hatch and Bessie F. Hatch, his Wife, Owners or Reputed Owners, and E. H. Leasure, Contractor.    Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.    Affirmed.

· Scire facias sur mechanic's lien.    Before COLLIER, J.

At the trial it appeared that the defense was that the lien was invalid as being for a lumping sum by a subcontractor.    The plaintiff claimed, however, that the named contractor was merely an agent of the owner, and that the owner was as matter of fact the contractor.

The court charged in part as follows:

[The defendant in these cases, from the evidence, is entitled

to your verdict; that is, he is entitled to have a verdict in his favor unless the plaintiff has established, what he has tried to establish, through his learned counsel in his argument to you. That is, that while these papers on their face apparently show that Mr. McCune was a subcontractor, and did not file a proper lien—which, if he was a subcontractor, it is very clear that he did not, and the law would not give him a right to recover— yet the allegation in these cases is that he was not a subcontractor. That, although the appearances are that he was, yet in fact he was really a contractor. That Mr. McCune was the real contractor in the case, and that Mr. Leasure was the mere agent for Hatch in acting in all these matters. That is the point I want to get your attention upon. Whether it is material or not will be determined hereafter, before the full bench, if you decide it was.

All the evidence has been directed to that point. It is alleged that Mr. Hatch was the man that was really acting all the time; that Mr. McCune was the real contractor and not Leasure. It is alleged that the acts of Hatch show that, from the beginning to the end of it, and to the very completion of it. If that was the case, the lien having been filed against both of them, and alleging that he was a contractor, the papers give rise to a condition of things that allows you to determine that question. That is the only question in the case that we submit to you, because, if Mr. McCune was a subcontractor—no matter whether you think it wrong that he should lose his money—he cannot help himself, because he did not choose to file a lien, although he was told to go and file a lien and get the amount. Still he was bound to file the right kind of a lien, and put his items in. The law does not give it to him, except on his taking the precautions to do what the law says, to file his items.

But, notwithstanding the way these things appear, if he was the real contractor, and Mr. Hatch so recognized him, and recognized that Leasure under all these facts was merely his agent, then Mr. McCune would be entitled to his money. You will weigh the evidence, gentlemen, carefully. You have heard it ably discussed by the distinguished gentlemen who appear for the defendant, as well as the distinguished gentlemen who represent the plaintiff. Weigh the facts carefully, irrespective of

anybody, and determine whether it is true, whether really, in fact, Mr. McCune was the contractor, and this man Leasure a mere agent, a conduit party to put it through.

Gentlemen, if you find that to be the fact, as alleged by the plaintiff, then Mr. McCune would be entitled to the amount he claims. The amounts are not disputed; they are agreed upon by both sides. You will have them before you, so you will have no difficulty about that. The work was all done to the satisfaction of everybody, and the only question is the question of whether he would be entitled to the lien or not in this case.] [7]

Verdict and judgment for plaintiff for $1,035.32. Defendant appealed.

*Error assigned* amongst others was above instruction, quoting it.

*D. F. Patterson*, with him *N. A. Means*, for appellants.— The relations of the parties are manifested by writings, which are for the construction of the court. There was no allegation of fraud, accident or mistake in connection with the writings, nor a syllable of evidence that would warrant a chancellor in annulling or modifying them; and there could be no question for the jury with respect to the relations of the parties. To permit the jury to find that McCune was the contractor practically annuls, or at least materially modifies, the written contracts that were the deliberate and carefully considered acts of the parties.

*W. B. Rodgers*, with him *R. C. Rankin*, for appellee.—The case comes under the principles of Brown v. Kolb, 8 Pa. Superior Ct. 423; Kreemer v. Herr, 98 Pa. 6; Goodfellow v. Manning, 148 Pa. 96; Bohem & Bros. v. Seel, 185 Pa. 384.

OPINION BY ORLADY, J., December 16, 1901:

The plaintiff filed a mechanic's lien for $4,706, equally apportioned against five houses, as the balance due upon a written contract for $9,600. The lien was filed against Cyrus B. Hatch, Bessie F. Hatch, his wife, " owners or reputed owners, and E. H. Leasure, contractor." The conditions out of which this con-

troversy arose were as follows : On May 24, 1897, Cyrus B. Hatch and E. H. Leasure entered into a contract in writing, by which Leasure agreed to erect and finish in a good and substantial manner, and furnish all the materials therefor, a number of frame dwelling houses of such size, character and design as Hatch would direct upon the premises of Hatch in Davorsburg, to the value of $10,000. In consideration of which, Hatch agreed to convey in fee simple to Leasure certain real estate in Allegheny for a consideration of $15,000, subject to a mortgage of $6,000. On July 19, 1897, McCune, the plaintiff in this action, entered into a written contract with Leasure to erect, finish and deliver in a true, perfect and workmanlike manner five houses on the premises of Hatch agreeably to plans, drawings, and specifications of an architect for the sum of $9,600. On the trial McCune testified that the contract with Leasure was the only written contract he had in regard to the building of the five houses, and that he received from Leasure, cash, or its equivalent, amounting to $4,993.10, leaving a lump balance as claimed in the lien. On September 14, 1897, Hatch made a conveyance of the Allegheny property to Leasure, and soon thereafter Leasure became insolvent. On the face of the written contract Leasure was the named contractor to build the houses, and McCune's contract with him placed him in the position of a subcontractor. The attack of the plaintiff, in support of his claim for the balance due on the contract with the owners and contractor, went beyond the mere form of the writings, and he contended that Leasure was the mere agent and go-between for Hatch for the purpose of receiving bids for the work and making of the contracts. In support of this, he adduced evidence tending to prove that Leasure had nothing to do with the work on the ground, that Hatch located the houses, staked them out, inspected the material, superintended all the work, made changes in the specifications while the work progressed, and Leasure merely financed the operation for Hatch. On the trial, there was but a single question submitted to the jury as follows : " It is alleged that Mr. Hatch was the man that was really acting all the time ; that Mr. McCune was the real contractor and not Leasure. It is alleged that the acts of Hatch show that from the beginning to the end of it and to the very completion of it. . . . If he was the real contractor, and

Mr. Hatch so recognized him and recognized that Leasure, under all the facts was merely his agent, then McCune would be entitled to his money."

The jury found in favor of the plaintiff. The amounts were not disputed and the only question involved was whether McCune was entitled to file his lien for a lump sum under the contract.

While the writings manifest a certain and well defined relation of the parties to each other, the plaintiff established the fact to the satisfaction of the jury that the use of Leasure, as a named contractor, was a mere subterfuge, "that he was the agent of Hatch, a mere conduit to put it through."

While McCune alleged in his lien that Leasure was the contractor, if it be the fact, and the verdict so established it, that Leasure was in fact Hatch in every particular, the case is fully as strong for the plaintiff as if Leasure were an independent contractor and that Hatch had ratified, approved and confirmed the contract between Leasure and McCune as in Brown v. Kolb, 8 Pa. Superior Ct. 413. " He had all the information which he would have had in the first instance, and, under the special circumstances of the case as alleged by the plaintiff, assuming them to be established to the satisfaction of the jury, he was not in a position to deny that the measure of the plaintiff's right to recover was the stipulated sum less the payments."

If Hatch was in fact the owner, he has no equity to complain that his houses are made liable for the debt which he incurred in building them, and his apparent legal right to have them escape lien in a lump sum by a subcontractor, is negatived by the device resorted to in order to protect them from a lien to which on the true facts they would be subject. Had he made the contract in his own name with the plaintiff for a lump sum the lien would be valid and the jury has found that he did so contract in substituting the name of Leasure for his own : Bohem & Bros. v. Seel, 185 Pa. 382.

The judgment is affirmed.