# Thaler, Appellant, *v.* Wilhelm Griesser Construction Company.

*Mechanic's lien—Notice by subcontractor—Contract—Plans and specifications—Act of June 4,* 1901, *P. L.* 431.

Where a contract between a contractor and subcontractor does not make the plans and specifications of the building contract a part of it, nor provide that a copy of such plans and specifications shall be attached to the contract of the subcontractor, it is not necessary for the latter to attach a copy of such plans and specifications to the notice to the owner of an intention to file a lien; and this is especially so when it appeared by the contract and by the defendant's affidavit of defense that the owner had in his possession, during all the time, the plans and specifications in question.

Argued May 12, 1909. Appeal, No. 175, April T., 1909, by plaintiffs, from judgment of C. P. Butler Co., Dec. T., 1903, M. L. D. No. 4, on verdict for defendant in case of August J. Thaler and William Thaler, Copartners as Thaler Brothers, v. Wilhelm Griesser Construction Company and the Butler Brewing Company. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Scire facias sur mechanic's lien. Before GALBREATH, P. J.
The facts are stated in the opinion of the Superior Court.

The court gave binding instructions for defendant. Plaintiff appealed.

*Error assigned* was in giving binding instructions for defendant.

*John M. Greer*, with him *Frank E. Lord, John B. Greer* and
*Thomas H. Greer*, for appellants.—We think that this case
is fully covered by the decision of the Superior Court in Day v.
Penna. R. R. Co., 35 Pa. Superior Ct. 586. See also Thirsk v.
Evans, 211 Pa. 239; Este v. R. R. Co., 27 Pa. Superior Ct. 521;
American Car & Foundry Co. v. Water Co., 215 Pa. 520.

*Lev. McQuistion & Son*, with them *A. M. Neeper*, for appellees, cited: Knelly v. Horwath, 208 Pa. 487; McVey v. Kaufmann, 223 Pa. 125; Wolf Co. v. R. R. Co., 29 Pa. Superior
Ct. 439; Tenth Nat. Bank v. Smith Construction Co., 218 Pa.
581; Collins v. R. R. Co., 29 Pa. Superior Ct. 547.

OPINION BY MORRISON, J., July 14, 1909:

It seems to be necessary to make a rather extended statement
of the facts which the plaintiffs allege they could have sustained
before the jury. In making the following statement we are not
assuming that the alleged facts cannot be successfully contradicted, but only that the plaintiffs seemed to have made a prima
facie case, provided the jury found various allegations in their
favor. But the learned court below saw fit to give a binding
instruction in favor of the defendants on a technicality and
thus put the plaintiff out of court; hence, this appeal.

The Butler Brewing Company desiring to build a brewery in
Butler, Penna., entered into a contract for the construction of
the same with the Wilhelm Griesser Construction Company of
New York and Pittsburg. Among other things to be furnished
by the contractor were eleven chip vats or pressure tanks and
the said contractor sublet that portion of its contract to Thaler
Brothers of Chicago, plaintiffs, who undertook the construction

and putting in place of said vats and they actually did comply with their contract, in all respects, as they allege. The plaintiffs were to receive from the Griesser company $2,750 and actually received $1,380, leaving the sum of $1,370 due and unpaid. The plaintiffs who reside in Chicago averred that they furnished the material and completed the work according to their contract on July 26, 1903. On October 16, 1903, less than three months after the last work was done under plaintiffs' contract, and more than thirty days before their lien was filed, the plaintiffs caused a written notice of their intention to file a mechanic's lien against the brewery building, ground and property, to be served on David Smith, president of the brewery company, by the sheriff of Butler county. This notice embraced a copy of the written contract between the plaintiffs and the Griesser company, a statement of the contract, the character of the work and material, the contract price, the amount remaining due, and how made up, and the time when the last work was done and material furnished as required by the Act of June 4, 1901, P. L. 431. And within thirty days thereafter, notice was given to the owner that such lien had been filed of record. The contract was made between the subcontractors and the contractor by correspondence; the agreement made and signed by them and mailed to each other. At this time the plaintiffs did not have or see a copy of the plans and specifications which were referred to in their contract with the contractor. It is alleged, and we do not see that it is denied, that during all of the time while plaintiffs did their work and completed their contract with the contractor, said plans and specifications were in the possession of the owner, the Butler Brewing Company, at Butler, Penna. It appears that the contractor instead of furnishing the plaintiffs with a copy of the plans and specifications, sent them a typewritten letter, giving quantity of lumber, size of tanks, etc., shape of tanks, number of hoops, etc. This was about the time they signed the contract.

The plaintiffs sent their foreman to Butler to set up the tanks and the typewritten letter was handed to him, and it was never returned to the plaintiffs but was lost or destroyed. When the

notice was given to the owner by the plaintiffs of their intention to file a lien, they did not have the plans, specifications and drawings, nor the typewritten letter above mentioned. After sci. fa. was issued on the lien, the brewing company, owner, filed an affidavit of defense to which all the plans, drawings and specifications, and everything belonging to its contract with the contractor were attached, and thereby made a part of the record. This was within six months from the date when the plaintiffs did the last work and furnished the last material under their contract. Therefore, it appears that the managing officers of the brewing company had full knowledge of the entire matter, and plaintiffs allege, and it does not seem to be denied, that the owner, the brewing company, at this time had over $27,000 of the money due the contractor in its hands.

After the trial and verdict, the plaintiffs moved the court for leave to amend their lien and pleadings, so as to cure the notice and attach the plans and specifications, etc., which the court permitted as to the lien but held that the notice could not be amended as that was a preliminary matter to the filing of the lien, and that the court had no power to permit the notice to be amended.

The error complained of specifically is directing the jury to find a verdict in favor of the defendants as follows: "In this case notice was given thirty days prior to the filing of the lien, but it seems that that notice, whilst it embraced a copy of this contract, did not embrace a copy of the specifications referred to therein and according to which this work was to be done. Now under these circumstances we are obliged to say to you that this lien is for that reason not self-supporting; that the lien does not show that such notice was given embracing that portion of these specifications relating to the vats in controversy. No such notice seems to have been given to the owner, that portion seemingly having been omitted. For these reasons we are constrained to say that this claim cannot be supported and it is our duty to say to you under the law that it is your duty to return a verdict in favor of the defendant." This charge was duly excepted to and a bill sealed.

In the first place, the contract between the plaintiffs and the

Griesser company did not make the plans and specifications and drawings between the owner and contractor, a part of said contract, nor was it provided that they should be attached to the contract. It would seem that said contract between the plaintiffs and the Griesser Construction Company, dated April 25, 1902, for the construction of the vats, is largely copied from some other contract and it contains much irrelevant and immaterial matter, but it is clear and precise as to the eleven pressure tubs for the Butler brewery, to wit: "shall and will furnish all the material and perform all the work mentioned in the specifications and shown on the drawings prepared by the said architects for eleven pressure tubs for the Butler Brewery, Butler, Pa., delivered and set up, as per specifications at above brewery, which drawings and specifications are identified by the signatures of the parties hereto." Now, as we have said, this contract does not make the plans and specifications a part of it, nor does it provide that a copy thereof shall be attached to the contract. Therefore, we hold that it was not necessary for the plaintiffs to attach a copy of said plans and specifications to their notice of lien. All that they could be legally required to do was to give notice of the character and amount of their claim and how made up, and attach a copy of the contract under which the work was done and the material furnished, and attach an affidavit as required by the act of June 4, 1901. Especially is this so when it appears by the contract, and by the defendant's affidavit of defense, that the officials of the brewing company actually had in their possession, during all the time, the plans, drawings and specifications about which they complain so vehemently now because of the failure of the plaintiffs to attach the same to their notice of lien.

While the plaintiffs seem to have had the services of a good many lawyers, it must be admitted that the work of making out and serving their notice of lien was not very artistically done, but, in our opinion, it was a substantial compliance with the provisions of the act of June 4, 1901. We think this case is ruled by Day v. Penna. R. R. Co., 35 Pa. Superior Ct. 586, and the cases therein cited. In that case we said: "When we remember that the appellee's contract was attached to this no-

tice, and that it simply referred to the specifications of George M. Moulton & Company, and that they were not made a part of the contract, and that they were at all times in the custody of the appellant, we think this notice is sufficient. . . .

"We do not consider the alleged insufficiencies of the notice and claim as presenting any substantial difficulty. 'The object of the notice is to inform the owner of the demand and the nature thereof, in order that he may require payment of the contractor, or in default thereof withhold the amount from the contract price:' Thirsk v. Evans, 211 Pa. 239. All the cases agree that a substantial compliance is sufficient, and this is shown to exist whenever enough appears on the face of the statement to enable the owner to ascertain the amount of the claim, its date, and the nature and amount of the labor or material out of which it arises: Este v. Penna. R. R. Co., 27 Pa. Superior Ct. 521. In American Car, etc., Co. v. Alexandria Water Co., 215 Pa. 520, a lien was filed by a subcontractor and it was stricken off by the court below. In reversing the judgment and reinstating the lien much was said by the Supreme Court that applies to the case in hand (see p. 525): 'But all the cases agree that a substantial compliance is sufficient, and this is shown to exist wherever enough appears, on the face of the statement, to point the way to successful inquiry. Adherence to the terms of the statute is indispensable, but the rule must not be pushed into such niceties as serve but to perplex and embarrass a remedy intended to be simple and summary, without, in fact, adding anything to the security of the parties an interest in the building sought to be incumbered. Certainty to a common intent has, therefore, always been held to suffice:'" Day v. Penna. R. R. Co. 224 Pa. 193, was affirmed by the Supreme Court as follows: "Per Curiam. The judgment is affirmed on the opinion of the Superior Court."

Now, referring to the present case for a moment with the fact that written notice of the amount of the plaintiffs' claim, its nature and character, and a copy of the contract under which the material was furnished and the work done, was served on the president of the Butler Brewing Company at the proper time and that contract referring to the plans, drawings and.

specifications which were in the possession of the officials of the brewing company as proved by the attaching of the same to their affidavit of defense, what possible benefit could have accrued to the brewing company, if the plaintiffs had secured a copy of the plans, specifications, etc., and had attached them to the notice. The answer is manifestly no benefit at all, because the brewing company officials knew at a glance just what kind of vats the plaintiffs had contracted to construct. If the plaintiffs did not in good faith construct the vats of the required material, and workmanship, their claim ought to be met on its merits, and not disposed of on a technicality which is without merit, either in fact or law, so far as we can see at present.

In the recent case of McVey v. Kaufmann, 223 Pa. 125, the court below was reversed for sustaining a lien by a subcontractor on account of defects in the notice. In that case, after quoting the notice, Mr. Justice BROWN says: "Neither in the notice nor in the attached affidavit is the contract set forth under which the appellee's claim. Nothing can be gathered from them as to a contract between the subcontractors and the contractor, except that there was one. The date of it is not given, not one of its terms is stated, and whether it was written or verbal no one can tell." But the notice in the present case is open to no such criticism. It contains all the requisites, refers to the contract and attaches a copy of the same to the notice.

The judgment is reversed with a venire facias de novo.