# Nagle *v.* Garrigues, Appellant.

*Mechanic's lien—Description of property—Amendment of description.*

1. If several buildings are standing on ground belonging to the same owner and so related to each other as to subserve a common purpose, a lien for debts contracted in the erection of the one extends to the others, and the building out of whose erection the liens arise may be either the principal or the subsidiary building, and the principal and subsidiary buildings may be coterminous or may be separated by an interval or space.

2. Where a person purchases two adjoining lots at different times and takes title by different conveyances, and thereafter uses and occupies the two lots as a single property, and builds upon one of them or partly upon one and partly on the other a garage, and a mechanic's lien is filed for the building of the garage against one of the lots only, the lien may be subsequently amended so as to include in the description the entire property as used and occupied at the time the garage was built.

Argued Dec. 21, 1910.  Appeal, No. 184, Oct. T., 1910, by defendant, from order of C. P. No. 3, Phila. Co., Sept. T., 1908, No. 311, M. L. D., making absolute rule to amend lien and making absolute rule for judgment for want of a sufficient affidavit of defense in case of Louis A. Nagle, trading as Louis A. Nagle & Company, v. Annie M. Garrigues, owner, and Martin L. Herman, contractor. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ.  Affirmed.

156      NAGLE *v.* GARRIGUES, Appellant.

Statement of Facts—Opinion of the Court.    [46 Pa. Superior Ct.

Rule to amend mechanic's lien, and rule for judgment for want of a sufficient affidavit of defense.

The facts are stated in the opinion of the Superior Court.

*Errors assigned* were orders making absolute rule to amend lien and making absolute rule for judgment for want of a sufficient affidavit of defense.

*George S. Graham,* for appellant, cited: Schively v. Radell, 227 Pa. 434; Wirsing v. Penn. Hotel & Sanitarium Co., 226 Pa. 234; Barclay v. Wainwright, 86 Pa. 191.

*Ira Jewell Williams,* with him *I. Emanuel Sauder* and *Simpson & Brown,* for appellee, cited: Thirsk v. Evans, 211 Pa. 239; Graham v. Dempsey, 169 Pa. 460; Bolton v. Hey, 168 Pa. 418; Safe Deposit & Trust Co. v. Columbia Iron & Steel Co., 176 Pa. 536; Montgomery v. Keystone Fiber Co., 1. Pa. Superior Ct. 261; Security Bldg. & Savings Union v. Colvin, 27 Pa. Superior Ct. 594.

OPINION BY HEAD, J., March 3, 1911:

The fifty-first section of the Act of June 4, 1901, P. L. 431, 453, gives to a mechanic's lien claimant the right to amend "the claim, scire facias or other paper filed of record" upon leave of the court first had and obtained. If the application to amend be made after the time allowed by law for filing a lien has expired, this right is so limited that the claimant may not by the proposed amendment "substitute an entirely different property from that originally described in the claim. But the description of the property may be amended so as to be more accurate."

It appears from the record that the building for which the claimant furnished materials was "a one story iron and frame garage," and that the lot of ground upon which it was erected and the curtilage appurtenant thereto were "situate on the west side of 11th street, . . . . in the 42nd ward of the city of Philadelphia, . . . . being known

as 6806 North 11th street." The lien filed undertook to describe the said property more in detail by stating that it fronted seventy feet on said Eleventh street and extended of that width "in length or depth westward between parallel lines at right angles to said 11th street 124 feet 1¼ inches."

The petition to amend the description alleges—and of this there is no denial—that the property of the owner on which the garage was built extended beyond the depth mentioned in the lien clear through to Twelfth street a further distance of about 123 feet; that the entire property had but one dwelling house thereon and was occupied and used by the owner for residence purposes as one property; that all of the material furnished for the garage was delivered at 6806 North Eleventh street, and that "the only entrance to the said garage is from 11th street over the said lot."

It further appears from the record that the owner of the property, as it existed when the lien was filed, had acquired title to it by two separate conveyances. The one conveyed that portion of the property fronting seventy feet on Twelfth street and extending back about 123 feet, describing it in words and figures identical with the description contained in the lien filed. The other deed conveyed to her the remainder of the property as it now exists. If there ever was any visible line of demarcation between the two parcels of land that she bought, that line has been obliterated, and as already stated, the entire property is inclosed, used and occupied as a single lot or property.

The garage was a building erected on this property against which a mechanic's lien could lawfully be filed. If so, that lien could properly embrace not only the building itself and the ground actually covered by it, but so much additional ground of the owner as would fairly be necessary to the use and enjoyment of the building covered by the lien. In this case the garage was a suitable outbuilding for the residence and would naturally and

properly be used in connection with it, and as its one entrance was from Eleventh street, over portions of both the lots as they were originally acquired, it seems clear enough to us that the whole of the property, as it existed and was used at the time of the construction, could have been lawfully subjected to the claimant's lien. In 1 Trickett on Liens, sec. 35, the learned author states: "If several buildings are standing on ground belonging to the same owner and so related to each other as to subserve a common purpose, a lien for debts contracted in the erection of the one extends to the others, and the building out of whose erection the liens arise may be either the principal or a subsidiary building. And the principal and subsidiary buildings may be coterminous or may be separated by an interval of space." A number of Pennsylvania decisions are cited in support of the principle thus stated. Applying this doctrine, we repeat that when the lien in this case was originally filed the claimant might have lawfully embraced within his description the entire property as it was then used and occupied. If he then mistakenly described only a portion of the property appurtenant to the building, he may now by amendment describe the whole of it without any violation of the letter or spirit of the act of assembly which forbids him, under the circumstances here present, substituting an entirely different property from that originally described in the claim. The mere fact that the owner originally acquired title to the property by two conveyances, cannot, in the face of the other existing facts, destroy this statutory right of the claimant.

The learned court below was therefore right in permitting the amendment. The amendment being properly allowed, the defendant's affidavit to the scire facias fails to disclose any legal defense to the payment of the plaintiff's claim, and the assignments of error must therefore be overruled.

Judgment affirmed.