# H. G. Vogel Company, Incorporated, *v.* Grape Products Company, Appellants.

*Mechanic's lien—Lien as evidence—Evidence.*

1. It is not error for the court on the trial of a scire facias sur mechanic's lien to admit the lien itself in evidence where the sole purpose of the offer is to show that the lien had been filed.

2. While the lien itself has no evidential value to establish the truth of the statements which it contains, no harm is done in admitting it in evidence, where it is neither read to the jury, nor sent out with the jury.,

*Mechanic's lien—Mistaken description of land—Amendment—Constitutional law—Acts of June 4, 1901, P. L. 431, and April 17, 1905, P. L. 172.*

3. Where a mechanic's lien accurately describes the structure and its locality, but fails to include, through a mistake, a portion of the land on which the building was erected, the defect in the description of the land may be amended; and a purchaser at a judicial sale of the premises prior to the amendment cannot claim protection as an intervenor under sec. 54 of the Act of June 4, 1901, P. L. 431, inasmuch as he had constructive notice of the lien and its defect; and all the more is this the case where it appears that he had actual notice at the sale that the purchaser might withhold sufficient of the purchase money to secure him against the lien if its validity should be established.

4. Section 54 of the Act of June 4, 1901, P. L. 431, relating to the amendment of a mechanic's lien is not such a divergence from and such "an advance upon the law as it stood prior to the constitution of 1874," as to render the section unconstitutional.

5. The power to permit an amendment which does not go to the substance of a mechanic's lien is not an advance upon the law as it stood prior to the constitution of 1874.

Argued April 14, 1914. Appeal, No. 48, April T., 1914, by defendants, from judgment of C. P. Erie Co., Sept. T., 1911, No. 210, on verdict for plaintiff in case of H. G. Vogel Company v. The Grape Products Company. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Scire facias sur mechanic's lien. Before BENSON, J.

At the trial the plaintiff offered the lien in evidence.

Objected to as incompetent, immaterial and irrelevant and not evidence in this case; that it is only the statement of counsel.

Mr. Cushman: It is evidence as to the contents of the lien.

The Court: I think it is proper to admit in evidence. The objection is overruled, the paper admitted and an exception sealed. It is evidence to show there was a lien filed. [6]

The lien correctly described the structure and its locality, but the description of the land in the lien did not include a portion of the land upon which the building was actually erected. This was due to a mistake of the scrivener in copying the description in only one of the two deeds to the defendants. After the defendants had purchased the building at a judicial sale, the court permitted an amendment so as to correct the defective description of the land.

Plaintiff presented this point:

5. That if the jury believe from the description of the building land and premises in the claim that the claim gave information to purchasers and others making searches for incumbrances such as would direct them to the right place, the claim is sufficient so far as a description of the building and premises are concerned. *Answer:* That point is affirmed as we have heretofore instructed you. [1]

Defendants presented these points:

2. It being the undisputed evidence in the case, that only about four feet of the south side of the building or structure 400 feet long and 112 feet wide and three stories and a basement in height, including the south wall of said structure, water tank, and tower, supporting the same, and unloading shed, is upon the land described in the lien; the said lien is incapable of enforcement, and cannot be sustained, and for that reason the verdict must be for the defendant. *Answer:* Refused. [3]

3. The undisputed evidence showing that the land upon which the building is situated is not described in the lien, said lien cannot be sustained or enforced, against said building or the land upon which it stands, and the verdict must be for the defendants. *Answer:* Refused. [4]

4. Under all the evidence the verdict of the jury must be for the defendants. *Answer:* Refused. [5]

Verdict and judgment for plaintiff. Defendants appealed.

*Errors assigned* were (1, 3–5) above instructions, quoting them, and (6) rulings on evidence, quoting the bill of exceptions.

*Frank Gunnison,* of *Gunnison, Fish, Gifford & Chapin,* for appellants.—The court erred in admitting the mechanic's claim filed by the plaintiff in evidence: Bernheisel v. Smothers, 5 Pa. Superior Ct. 113.

The learned court erred in allowing the amendment to the mechanic's claim after the expiration of the six months within which the claim could be filed: Nagle v. Garrigues, 46 Pa. Superior Ct. 154; Thirsk v. Evans, 211 Pa. 239.

Before the adoption of the constitution of 1873 no amendment of a mechanic's claim in any particular essential to its validity, under the statutory requirements would be allowed after the statutory time for filing a lien had elapsed: Russell v. Bell, 44 Pa. 47; Dearie v. Martin, 78 Pa. 55; Rynd v. Bakewell, 87 Pa. 460; Knox v. Hilty, 118 Pa. 430; Fourth Avenue Baptist Church v. Schreiner, 88 Pa. 124; O'Neill v. Hurst, 11 Phil. 171.

It has been held that "Section 28 of the Mechanic's Lien Law of 1901 which gives a sub-contractor or material man a right to issue an attachment execution against the owner or other party indebted to the contractor for labor or materials furnished, is special legisla-

tion in favor of a special class of creditors and offends against Article III, Section 7, of the Constitution, which forbids the general assembly from passing any local or special law 'providing or changing methods for the collection of debts, or the enforcing of judgments:'" Vulcanite Portland Cement Co. v. Allison, 220 Pa. 382; Sterling Bronze Co. v. Syria Imp. Assn., 226 Pa. 475; Henry Taylor Lumber Co. v. Carnegie Institute, 225 Pa. 486; Page v. Carr, 232 Pa. 371.

Upon the description of the land as described in the original claim, the lien could not be sustained.

*Danford R. Cushman*, with him *Clark Olds*, for appellee.—The claim was properly admitted on evidence: Van Billiard v. Nace, 1 Gr. 233; Odd Fellow's Hall v. Masser, 24 Pa. 507; Brown v. Kolb, 8 Pa. Superior Ct. 413; Harman v. Cummings, 43 Pa. 322.

The amendment was proper: Phœnix Iron Works Co. v. Lancaster Street Ry. Co., 10 Lanc. L. R. 73; Fourth Ave. Baptist Church v. Schreiner, 88 Pa. 124; May v. Mora, 50 Pa. Superior Ct. 359.

A claim is not necessarily void because the description of the locality and of the structure or other improvement thereon against which the claim is filed, is not full and accurate in all respects; it is sufficient if there be enough in the description of the locality and other peculiarities of the building to point out and identify it with reasonable certainty: Harker v. Conrad, 12 S. & R. 301; Springer v. Keyser, 6 Whart. 187; Ewing v. Barras, 4 W. & S. 467; McClintock v. Rush, 63 Pa. 203; Shaw v. Barnes, 5 Pa. 18; Knabb's App., 10 Pa. 186; Nelson v. Campbell, 28 Pa. 156; Gausler's App., 35 Pa. 349.

The appellants could have moved the court to strike off the lien or demurred to the scire facias. They did neither. This was a waiver of all defects on the face of the claim: Lee v. Burke, 66 Pa. 336; Lybrandt v. Eberly, 36 Pa. 347; Klinefelter v. Baum, 172 Pa. 652.

OPINION BY HEAD, J., July 15, 1914:

We are urged to reverse the judgment in this action of scire facias sur mechanic's lien because the learned trial judge permitted the plaintiff to offer in evidence the lien itself. Of course, in many respects the lien, as made up by the claimant, is but an ex parte statement and manifestly has no evidential value to establish the truth of such statements. But it does not follow from this it is not competent evidence for any purpose. The writ of scire facias is necessarily based on the record it recites. The lien itself is proper evidence to establish the fact there is such a record. Again, its admission in evidence is perfectly justifiable to establish the date when it was filed, which is often a matter of importance in the trial. The learned judge, in overruling the objection to its admission, said: "It is evidence to show there was a lien filed." The learned counsel for the appellee asserts in his brief the claim was neither read to the jury nor sent out with it to the jury room, and the correctness of this assertion is not challenged. It does not appear therefore that any improper or harmful use was made of this item of evidence, and its admission furnishes no solid ground for a reversal of the judgment. The sixth assignment is overruled.

The building which the plaintiff sought to subject to a lien was a large manufacturing establishment of unusual dimensions, being about 384 feet in length by 124 feet in width. Its identification as the subject of the lien was not at all difficult. It was accurately described in the claim filed, and if the building or structure is really the res contemplated by the statute, and the ground upon which it is built is but incidental, there is but little room for the conclusion that the claim as filed left in any doubt what was to be subjected to the lien. After a complete description of the building itself, the claim goes on to declare "that the following is a description of the land upon which the said structure

is situate." It then proceeds to give by courses and distances an attempted description of the land covered by the structure. In doing this the claimant relied for the accuracy of the description on a deed to the defendant which was then of record. It turned out afterwards this deed conveyed to the defendant only a portion of the land actually covered by the structure and that another deed from another grantor conveyed the remainder of the ground built over. When this fact was discovered, the claimant filed a petition asking leave of the court to amend the original lien in the detailed description of the land covered by the building so as to make such description accurately define the ground actually covered which the claim itself had declared to be the thing intended to be subjected to the lien. This was allowed and the amendment made, and the allowance of that amendment is not here and now assigned for error.

The able counsel for the appellant frankly concedes that our own case of Nagle v. Garrigues, 46 Pa. Super. Ct. 155, is authority for the proposition that this amendment was fully within the scope of sec. 54 of the Act of June 4, 1901, P. L. 431. To the same effect is Thirsk v. Evans, 211 Pa. 239. Unless therefore we are prepared to follow him to the conclusion that this section of the statute must be declared to be unconstitutional, or that it has been made to appear the present case comes within the statutory exception which saves intervening rights from the operation of the section referred to the appellant's case must fail. It is clear to us this record presents no foundation for the assertion that any such rights intervened before the application for the amendment as the statute intended to save. It is true the property against which the lien was filed was sold at a judicial sale and purchased by one who was a stranger to the title as it theretofore existed. That purchaser had first of all such constructive notice of the existence of the lien as the public records would convey.

He was clearly warned thereby that the claimant had attempted to file a lien against the very structure which constituted the major element in value of the defendant's property. The lien itself declared the claim was filed against that structure and the land upon which it was located, and only in the attempt to give a detailed description of the land covered by the building was the claim defective. Not only were the alleged intervenors thus affected by constructive notice, but it appears, from the papers filed at the time of the application for the amendment, actual notice was given at the judicial sale at which they purchased that the property was sold subject to this mechanic's claim, but that an arrangement had been or could be made that the purchaser at the sale might withhold $1,500 of the purchase money to secure him against the claim if its validity should be sustained by the courts. Under these circumstances we are not able to say that the purchasers at the sheriff's sale are within the class of those against whom the statute declared its sec. 54 should not be operative.

Nor can we discover satisfactory ground for the conclusion that sec. 54 of the act of 1901 discloses such a divergence from and such "an advance upon the law as it stood prior to the constitution of 1874" as to bring it within the controlling influence of Page v. Carr, 232 Pa. 371, and the line of cases there cited and reviewed. It is undoubtedly true that in the earlier decisions prior to the new constitution the courts gave substantial effect to the provision of the statute that declared the claimant must file his lien within six months from the date of the completion of the work. As a consequence, if it were made to appear the claim, as filed within the statutory period, was substantially so defective as to be worthless, the claimant could not, under the guise of an amendment, be permitted to file a valid lien after the expiration of that period. But we know of no case in which it has been denied that the court had power to permit an amendment which did not

go to the substance of the lien, but only to the correction of matters which touched not the foundation of the claimant's right. Then, even more certainly than now, it was the structure which was the object of the lien, and the ground covered by it or the curtilage was not necessarily defined in accurate detail. The Act of 1905, P. L. 172, under which the present lien is filed, amending in this respect the act of 1901, declares that the lien must set forth, inter alia, "the locality of the structure or other improvement with such description thereof as may be necessary for the purpose of identification and a description of the real estate upon which the same is situate." In the present case we have the correct locality of the structure and a complete description thereof that left no doubt as to its identification. The statute does not attempt to declare the particularity with which the land covered by a structure that is perfectly identified must be described. If we were to follow the argument of the able counsel for the appellant to its logical conclusion, we would be required to hold that if, after fully identifying a structure, the claimant, in attempting to give by courses and distances the lines of the ground covered by it, had failed to insert one line so that the description would not close, the defect would be a fatal one and could not be corrected by amendment. Such a conclusion could be supported, as we think, neither by reason nor authority.

We hold therefore that in the present case the lien directly and accurately described the structure or improvement intended to be charged with the lien and thus indirectly at least described the ground covered by it. Further, that there were no such intervening rights as the legislature intended to save from the operation of sec. 54 of the act of 1901 and that an amendment of the detailed description which the claimant undertook to give "of the land upon which the said structure is situate" could be and ought to be amended so as to make that detailed description in fact what the

lien declared it was intended to be: Nagle v. Garrigues, supra; Thirsk v. Evans, supra; May v. Mora, 50 Pa. Super. Ct. 359. The remaining assignments of error are therefore dismissed.

Judgment affirmed.