## Young et al. v. Woodring et al. No. 1.

*Mechanic's lien—Sub-contractor—Amendment—Act of June 4, 1901.*

1. Under section 51 of the Act of June 4, 1901, P. L. 454, there is a clear absolute right to amend a mechanic's lien, even after the time for filing has expired, unless the effect of the amendment is to substitute "a wholly different party as the defendant with whom the claimant contracted," and saving, of course, all intervening rights.

2. Where a mechanic's lien was filed against A as owner and A and B, partners, as contractors, and defendants move to strike off the lien because claimants were sub-contractors and had failed to serve notice of claim on the owner, plaintiff can amend by an averment that while A was the title owner, he was actually the trustee for A and B, partners, etc., thus making them owners and contractors.

3. The claimant, however, should present amendments clearly designating the paragraphs of the claim to be amended, and stating particularly *totidem verbis* the words, if any, which are to be eliminated from the claim as it now stands and those to be substituted therefor.

Rule to strike off mechanic's lien. C. P. Lehigh Co., April T., 1922, No. 22, M. L. D.

*Butz & Rupp*, for claimants.

*Dallas Dillinger* and *Dewalt & Heydt*, for defendants.

RENO, J.—The claimants filed a mechanic's lien against, as stated in the caption, "George B. Woodring, owner or reputed owner, and W. H. Woodring and George B. Woodring, copartners, trading as W. H. Woodring & Son, contractors, and Charles B. Kuhns, feoffee and terre-tenant." By the second paragraph of the claim, claimants aver that "the owner or reputed owner, above named (that is, George B. Woodring), is a resident of the City of Allentown, in the State of Pennsylvania, and the contractors, William H. Woodring and George B. Woodring, registered copartners, are residents of the same place." The third paragraph avers, in part, that "the name of the owner or reputed owner . . . was and is George B. Woodring. . . . The said owner or reputed owner was also the contractor associated with his father, George B. Woodring. . . ." George B. Woodring moved to strike off the mechanic's lien, alleging that if George B. Woodring is the owner and W. H. Woodring & Son the contractors, the claimants must be sub-contractors, and, not having served a written notice of their intention to file a claim as required by the Mechanics' Lien Law, the lien as filed is invalid. To the rule to show cause why the lien should not be stricken off, claimants filed an answer and, contemporaneously therewith, a petition for the amendment of the lien, the averments of both being *mutatis mutandis* substantially similar. The petition to amend alleges "that while the said George B. Woodring was the title

626　　　　　　DISTRICT AND COUNTY REPORTS.

Young et al. *v.* Woodring et al.　No. 1.

owner of said premises when said materials were contracted for and furnished, he then held said premises only as trustee for George B. Woodring and W. H. Woodring, copartners, trading as W. H. Woodring & Son, who were the real and beneficial owners thereof, and without any active duties vested in the trustee," and that "the said George B. Woodring, as such record holder of the title, permitted said W. H. Woodring & Son, acting as if they were the owners of said premises, to make the contracts under which the materials for which the claim was filed were furnished and delivered." It is further averred that "the averments contained in this petition are true in fact and were by mistake omitted from or wrongfully stated in said mechanic's lien, and that no rights have intervened since the filing of said lien." The petition prays that "said mechanic's lien be amended in the particulars as to which there is a variance between said lien as filed and the facts averred herein, and also that the names of the defendants in the caption be amended so as to read 'George B. Woodring, former record owner or reputed owner and trustee, and W. H. Woodring and George B. Woodring, copartners, trading as W. H. Woodring & Son, beneficial owners and contractors, and Charles B. Kuhns, feoffee and terre-tenant and present record title owner.'" No answer has been filed to the petition to amend. Depositions have been taken on behalf of the claimants, comprising the testimony of a number of witnesses, which, it is argued, tend to show that George B. Woodring and W. H. Woodring, trading as W. H. Woodring & Son, were the beneficial owners of the premises, and that the record title was placed in George B. Woodring as a dry trustee for the convenience of the beneficial owners.

In view of that rule of court (Rule II, section 11), which provides that the facts set forth in a petition may be taken for verity unless an answer be filed, it is unnecessary to consider the depositions. Indeed, since amendments are a matter of right (Thirsk *v.* Evans, 211 Pa. 239) and not resting in the discretion of the court, although requiring leave of court, we do not understand that we are obliged to determine the truth of the averments. Therefore, in order that the consequences of section 52 of the Act of June 4, 1901, P. L. 454, may be avoided, we expressly disclaim any intention to determine the truth of the facts alleged, either in the claim or the proposed amendments thereto. Conceding, for the moment, that there is a sustainable basis for the rule to strike off, it is apparent that if the petition is allowable, the motion to strike off need not be considered, for unquestionably the effect of the amendments, if allowed, is to change the status of claimants from sub-contractors to contractors. Whether this can be allowed is to be determined by an inspection of the proposed amendments and their conformity to the provisions of the act allowing amendments, leaving the determination of the truth of the allegations which support the claim or the amendments to the jury upon the trial of the *scire facias*.

The 51st section of the Act of June 4, 1901, P. L. 454, provides as follows: "Any claim, petition, answer, replication, *scire facias*, affidavit of defence, or other paper filed of record, may be amended from time to time by agreement of the parties, or by leave of the court, upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake they were omitted from or wrongfully stated in the particulars as to which the amendment is desired. Such amendment shall be of right, saving intervening rights, except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim, or a wholly different party as the

3 D. & C.

defendant with whom the claimant contracted; but the description of the property or the name of such defendant may be amended so as to be made more accurate, as in other cases of amendment. If the names of the owner and contractor be correctly stated and the description of the property be reasonably accurate, the claim shall be sufficient notice to the owner, purchasers and lien creditors, though it may have to be amended in other particulars."

This section was held in Vogel v. Grape Products Co., 57 Pa. Superior Ct. 501, not such a divergence from, nor such an advance upon, the law as it stood prior to the Constitution of 1874 as to render it unconstitutional.

We observe, then, that there is a clear, absolute right to amend, even after the time for filing has expired, unless the effect of the amendment is to substitute "a wholly different party as the defendant with whom the claimant contracted," and saving, of course, all intervening rights. It is quite apparent that the amendment brings no new party upon the record. The only effect is to change the capacities or status of those already upon the record. That is, the claimants who heretofore were sub-contractors, although not specially designated as such, become contractors. George B. Woodring becomes "former record owner or reputed owner and trustee" instead of "owner;" W. H. Woodring and George B. Woodring, copartners, trading as W. H. Woodring & Son, heretofore named as contractors, become "beneficial owners and contractors;" and Charles B. Kuhns, heretofore called the feoffee and terre-tenant, becomes "feoffee and terre-tenant and present record title owner." In short, the practical effect of the amendment is to place W. H. Woodring & Son upon the record in the capacity of owners as well as contractors. The situation is, therefore, quite similar to that presented in Bohem v. Seel and Norton, 185 Pa. 382, wherein claimant had filed a lien naming Seel as owner and Norton as contractor, and, having subsequently ascertained that Norton was really the owner, was permitted to amend his claim by striking off the word contractor after the name Norton, so that the lien should stand on the record as against both Seel and Norton as owners. In that case it was said: "No new party is sought to be brought on the record; all were before the court already. The only change is in the capacity in which Norton is to be charged. He is now named as contractor, and plaintiff's contract is charged to have been made with him."

The circumstance that this case was decided before the passage of the Act of 1901 detracts nothing from the force of its authority, but rather strengthens it as a ruling case: May v. Mora, 50 Pa. Superior Ct. 359. No new party is thus brought upon this record, nor is there thereby stated "a wholly different party as the defendant with whom claimant contracted." Claimants averred that the said "owner or reputed owner (that is, George B. Woodring) was also the contractor associated with his father, George B. Woodring. . . ." (This latter is manifestly an error, the name should have been W. H. Woodring.) Thus, it clearly appears that in the original claim George B. and W. H. Woodring were named as the party with whom claimant contracted. The effect of the amendment, therefore, is not to substitute wholly different parties as the defendants with whom claimant contracted, but, as already stated, merely to change their status upon the record. If further authority were required to sustain this position, it could be abundantly supplied by the citation of numerous cases of both the appellate and lower courts, wherein applications for amendment have been liberally allowed. Thus, in Nagle v. Garrigues, 46 Pa. Superior Ct. 155, and in Vogel v. Grape Products Co., 57 Pa. Superior Ct. 501, land not included in the claim filed was permitted to be included by amendment. In Rodgers Sand Co. v. Pittsburgh, Carnegie and

628 DISTRICT AND COUNTY REPORTS.

Young et al. v. Woodring et al. No. 1.

Western R. R. Co., 17 Dist. R. 377, the eminent jurist, Shafer, J., upon the application of a sub-contractor, allowed an amendment which brought a new party upon the record as owner, and this was permitted because "a wholly different party as the defendant with whom claimant contracted" was not thereby introduced into the litigation, since the claim as filed disclosed the name of the contractor with whom the sub-contractor had treated; and in De Armond, Ashmead & Bickley v. Haviland, 28 Dist. R. 830, Swartz, P. J., allowed a claim to be so amended as to aver that the husband was the agent of his wife, which was equivalent to the allowance of an amendment by adding the name of the wife as the real owner in a claim wherein the husband only had been originally named as owner and contractor. These authorities, as well as those already examined, require us to allow the amendments.

Possibly, even without amendment, the claim might be sustainable: McCune v. Hatch, 18 Pa. Superior Ct. 469. In that case the lien was filed against Hatch and his wife as owners and E. H. Leasure as contractor. At the trial, the defence was that the lien was invalid as being a lumping sum by a sub-contractor. The plaintiff claimed, however, that the contractor was merely an agent for the owner, and that the owner was, as a matter of fact, the con-tractor. Without amendment of the claim, the question was submitted for the determination of the jury, and the plaintiff having established that the use of the name of Leasure as contractor was a mere subterfuge and that Leasure was the agent of Hatch, a verdict was sustained. In the course of the opinion sustaining the verdict the court says: "If Hatch was in fact the owner, he has no equity to complain that his houses are made liable for the debt which he incurred in building them, and his apparent legal right to have them escape lien in a lump sum by a sub-contractor is negatived by the device resorted to in order to protect them from a lien to which on the true facts they would be subject. Had he made the contract in his own name with the plaintiff for a lump sum, the lien would be valid, and the jury has found that he did so contract in substituting the name of Leasure for his own: Bohem & Bros. v. Seel, 185 Pa. 382."

We observe, however, that the claimant prays that the claim "be amended in the particulars as to which there is a variance between said lien as filed and the facts averred herein." If leave to amend were granted in that form, we should be obliged to ascertain what textual or verbal changes are thereby introduced into the body of the claim. This duty we must decline to perform. The claimant should present amendments clearly designating the paragraph of the claim to be amended, and stating particularly *totidem verbis* the words, if any, which are to be eliminated from the claim as it now stands and those to be substituted in lieu thereof. Thereby there will be provided exact and specific information, both for the defence and the court, of those particulars wherein the claimants conceive it to be necessary to amend by reason of the variance existing between the claim as filed and the facts averred in the petition to amend. We shall frame our order so that claimant may have ample opportunity of performing this duty.

Now, Sept. 18, 1922, motion to strike off mechanic's lien is dismissed, peti-tion for leave to amend is granted, and claimants will, within fifteen days after service of a copy of this order upon them, submit the specifications of their amendment or amendments for allowance, of which submission the owners and contractors and all other parties, if any, shall have due notice. This order shall in no wise operate to prejudice intervening rights, if any there be. Costs to abide the outcome of the litigation.

From James L. Schaadt, Allentown, Pa.