## Gerhart v. Christ. No. 1.

*Mechanics' liens—Sufficiency of—Amendment—Act of June 4, 1901.*

1. Under section 51 of the Act of June 4, 1901, P. L. 431, a mechanic's lien may be amended by striking off part of the land covered by the original lien and by setting forth whether the plaintiff was a contractor or a sub-contractor.

2. Amendments to mechanics' liens are of right, saving intervening rights and excepting as otherwise provided by the act, and can be made at any time during the existence of the lien.

3. A mechanic's lien will not be stricken off because all items for materials furnished but the last item of the claim were furnished more than six months before the filing of the claim, as the last item, if shown to have been furnished under the contract, would save the lien.

4. A substantial compliance with the statutory requisites is all that is necessary to validate a mechanic's lien.

Rules to strike off and to amend mechanic's lien. C. P. Lancaster Co., Mechanic's Lien Docket No. 9, page 172.

*Guy K. Bard*, for lien and amendment; *Charles W. Eaby*, contra.

LANDIS, P. J., Oct. 8, 1927.—On July 7, 1926, plaintiff filed a mechanic's lien for $2423.04 against a certain property owned by the defendant, located in the Township of Ephrata, for materials furnished in the construction of certain buildings. On June 28, 1927, Joseph T. Evans, trustee in bankruptcy of the defendant, presented his petition, asking that the lien be stricken off, and he rested his application upon the following grounds, namely: That, on July 7, 1926, when the said lien was filed, the right to file said lien had expired on Oct. 25, 1925, as to all items therein mentioned, amounting to $2420.95, and that, as to the last item therein mentioned, to wit, $2.09, the right to file a lien had expired on July 6, 1926; that the lien covered one cement block bungalow with a porch attached, a brick semi-bungalow with a porch attached, a frame garage and another frame building, which are alleged to have been located on two separate and distinct tracts of land, the one of which contains 6 acres and 57 perches, and the other one of which contains 19 acres and 77 perches; that one of the said bungalows was released from said lien on Nov. 5, 1926; that the lien as filed was a blanket lien, covering more than one tract of land with the improvements thereon erected;

that the lien on its face shows that it is not filed in accordance with the law; and, lastly, that the lien does not state whether Harry M. Gerhart is a contractor or a sub-contractor, and, if a sub-contractor, no notice to file said lien was set forth.

By the 51st section of the Act of June 4, 1901, P. L. 431, it is provided that "any claim, petition, answer, replication, *scire facias*, affidavit of defense or other paper filed of record may be amended from time to time by agreement of the parties, or by leave of the court, upon petition for that purpose, under oath or affirmation, setting forth the amendment desired, that the averments therein contained are true in fact, and that by mistake they were omitted from or wrongfully stated in the particulars as to which the amendment is desired. Such amendments shall be of right, saving intervening rights; except that no amendment of the claim shall be allowed after the time for its filing has expired which undertakes to substitute an entirely different property from that originally described in the claim, or a wholly different party as the defendant with whom the claimant contracted, but the description of the property or the name of such defendant may be amended so as to be made more accurate, as in other cases of amendment. . . ."

On Sept. 19, 1927, the plaintiff asked to amend the lien as follows:

"The name of the contractor and party claimant is Harry M. Gerhart, of the Borough of Ephrata, County of Lancaster and State of Pennsylvania, and the name of the owner of the building and the lot appurtenant thereto, against which this lien is filed, is I. M. Christ.

"The amount or sum claimed to be due is $983.57, with interest from Jan. 7, 1926, and the kinds of materials furnished were lumber, cement, nails, bricks and other building materials, and the kinds and amounts of said materials furnished, together with the times when the same were furnished, are set forth and particularly described in the bill of particulars, hereto annexed and marked 'Exhibit A' and made a part hereof ($1500 has been paid on the original claim, reducing it to this amount).

"The locality of the building for and in the erection of which the said materials were furnished is in the Township of Ephrata, County of Lancaster and State of Pennsylvania. The structure is a brick semi-bungalow with a porch attached, measuring 26 feet in front, 34 feet in rear, with a depth from the front to the rear of 26 feet. On the one side is a wing built of eight feet, which accounts for the variance in the dimensions of the front and the rear. The said building is situated in the said township and is owned by the said I. M. Christ. The real estate on which the said structure is situated is described as follows, to wit: Beginning at a point along the middle of the Ephrata and Akron Road; thence by land of Amelia Buchen, south 27 degrees 26 minutes west 300 feet along the middle of the trolley road; thence along the middle thereof, north 62 degrees 34 minutes east 50 feet to a point; thence by land of S. G. Reinhold, north 27 degrees 26 minutes west 293 feet 5½ inches to the middle of the Ephrata and Akron Road; thence along the middle thereof, south 72 degrees and 4 minutes west 50 feet and 8¾ inches to the place of beginning. Containing 43.59 perches."

The original lien contains the following: "The locality of the buildings for and in the erection of which the said materials were furnished is in the Township of Ephrata, County of Lancaster and State of Pennsylvania. The structures are a cement block bungalow with a porch attached, a brick semi-bungalow with a porch attached, a frame garage, 18 by 20 feet, and another frame building, 16 by 26 feet, all situated in the said township and owned by the said I. M. Christ. The real estate on which the said structures are

situated is described as follows: No. 1. All that tract of land situate in Ephrata Township aforesaid, bounded and described as follows, to wit: Beginning at an iron pin in the middle of a public road leading from Akron to Ephrata, a corner of other land of John W. Mink; thence by land of same, south 16 degrees 15 minutes east 23.44 perches to a point in the middle of Conestoga Traction Company trolley road; thence in the middle thereof, north 62 degrees and 38 minutes east 55.61 perches to a point in the middle of said track; thence by land of Henry Hoffman, north 22 degrees 45 minutes west 14.34 perches to a point in the middle of the said road; thence in the middle of said road, south 72 degrees 4 minutes west 52.95 perches to the place of beginning. Containing 6 acres and 57 perches of land."

In both the original lien and the amendment, the land described is stated as having been the same which John W. Mink and wife, by deed dated Dec. 19, 1922, granted and conveyed to I. M. Christ, his heirs and assigns. By the amendment, a second tract, set forth in the statement, is stricken out, and it is claimed, and would appear evident, that the land as described in the amendment is only a part of the tract of 6 acres and 57 perches described in the original lien.

The petitioner takes the position that ostensibly the land set forth in the amendment is not the same as that in the original claim, and, therefore, it cannot, under section 51 of the Act of 1901, be amended; but if it is only a part of and included in the larger tract, I see no reason why, for the sake of certainty, the lien should not be amended in this respect.

The objection that it is not stated whether the plaintiff is a contractor or a sub-contractor is met by the amendment, and, in my judgment, such an amendment comes within the meaning of the Act of 1901.

The authority to allow amendments such as this seems to have been determined by the courts in Nagle v. Garrigues, 46 Pa. Superior Ct. 155; Vogel Co., Inc., v. Grape Products Co., 57 Pa. Superior Ct. 501, and Thirsk v. Evans, 211 Pa. 239. Amendments to mechanics' liens are of right, saving intervening rights and excepting as otherwise provided by the act, and can be made at any time during the existence of the lien.

In this case, the lien says that "the time when said materials were furnished in the erection and upon the credit of the hereinafter described building, which is a new structure, was from the 17th day of August, A. D. 1925, to the 7th day of January, A. D. 1926, inclusive, all of which is set forth in the attached bill of particulars." There is one item bearing date Jan. 7, 1926, and if this was a part of the contract and furnished under it, it may save the right to file this lien. We cannot, however, at this time, strike off the lien in the face of the above allegations. If no materials were furnished within the statutory period, it will be a defense on the trial against the whole of the lien.

In Birney v. Davis, 8 Del. 235, it was held that a mechanic's lien was sufficiently definite as to time which averred that the material was furnished from December to January in a given year, said months being within the statutory period. In Bayer v. Reeside, 14 Pa. 167, it was decided that "a claim stating the amount for stone, mason-work, &c., and materials . . . done and furnished within the six months last past, to wit, between June 1, 1848, and April 1, 1849, is sufficiently definite as to time." In Fourth Baptist Church of Philadelphia v. Trout, Johnson & Co., 28 Pa. 153, it was held that "when work and materials are done and furnished in the erection of a building under an entire contract, the building is chargeable with the contract price, if the lien is filed within six months from the consummation of the contract;" and that "the claim must not only state that the work was done and

the materials furnished within six months from the entry of the claim, but upon its face or by reference to some accompanying paper a date or dates must be given by which such allegation can be verified, and upon the trial, the evidence must establish the fact that the claim was filed before the six months allowed by the statute had expired." In Rush v. Able, 90 Pa. 153, it was said: "All that is required is such certainty as will enable those interested to discover during what period the materials were delivered or the work done, so as to individuate the transaction. . . . It has been more than once said we must not be hypercritical when scanning this species of lien and estimating its sufficiency." In Este v. Pennsylvania R. R. Co., 27 Pa. Superior Ct. 521, it was held that "while a mechanic's lien is a purely statutory proceeding and compliance with the requirements of the statute is necessary in order to give it validity, this rule only applies to essential requirements. In determining what are such requirements, it should be borne in mind that a substantial compliance with the statutory requisite is all that is called for." In Day v. Pennsylvania R. R. Co., 224 Pa. 193, it was held that "where, on the trial of a scire facias sur mechanic's lien, the evidence is conflicting as to the date when the work was finished and completed, the case is for the jury." See, also, Thaler v. Wilhelm Griesser Construction Co., 40 Pa. Superior Ct. 331.

We are, therefore, of the opinion that the rule to show cause why the mechanic's lien should not be stricken off should be discharged, and that the rule to show cause why the mechanic's lien should not be amended should be made absolute, and this is accordingly done.

Rule to show cause why mechanic's lien should not be stricken off is discharged and rule to show cause why mechanic's lien should not be amended is made absolute, and the amendment is allowed.

From George Ross Eshleman, Lancaster, Pa.