## Kelly-Ashby Electric Co., Inc., v. Claypool

*B. Albert Bertocchi,* for plaintiff.

*Robert D. Noel, Jr.,* for defendants.

GRAFF, P. J., June 8, 1959.—Upon September 24, 1958, plaintiff filed a mechanic's lien claim "against all that certain one story brick building housing a Thorofare Super Market erected upon Lots Nos. 202-206 in the Allison plan of lots", in North Apollo Borough, this county. These lots were situated on the southern side of Third Street, in North Apollo Borough, at the intersection of said street with State Highway Route No. 66. The description of the real estate upon which the structure was erected was erroneously set forth. In fact, the structure was erected upon a lot of land immediately north of Third Street, at the intersection of State Highway Route No. 66. An affidavit of defense was filed to the claim, in which there is a prayer that the lien be stricken off, for the reason that it is filed against an entirely different and distinct property. Thereafter plaintiff filed a petition to amend.

The question now presented is whether an amendment can be allowed where the lien is filed against property where the lot of land is entirely different from that upon which said lien was filed. Apparently

this precise question has never been presented to the appellate courts of this State.

Section 51 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, 49 PS §243, provides for the allowance of amendments to mechanics' liens. This section, in part, provides as follows:

". . . except that no amendment of the claim shall be allowed, after the time for its filing has expired, which undertakes to substitute an entirely different property from that originally described in the claim, or a wholly different party as the defendant with whom the claimant contracted; but the description of the property or the name of such defendant may be amended so as to be made more accurate, as in other cases of amendment."

In a number of decisions of the lower courts of this State amendments have not been allowed where it has been sought to substitute an entirely different piece of real estate from that against which the lien has been filed. In the well-considered opinion of Kruppa v. Kopko, 25 Luz. 247, the amendment or substitution was not allowed. There, as here, the description of the real estate was entirely erroneous. The application was to substitute lot 1065 for lot no. 1023 in the same plan of lots. In H. G. Vogel Company, Incorporated, v. Grape Products Company, 57 Pa. Superior Ct. 501, an amendment was allowed where the mechanic's lien accurately described the structure and its locality but failed to include, through a mistake, a portion of the land upon which the building was erected. To the same effect see Nagle v. Garrigues, 46 Pa. Superior Ct. 155.

And in May v. Mora, 50 Pa. Superior Ct. 359, an amendment was allowed which more completely described the structure erected upon the land. In Short v. Ames & Keese, 121 Pa. 530, an amendment was not allowed where there was an incomplete description of the buildings and an erroneous description of the local-

ity where they were situated. In Tressler v. Rozner, 5 Westmoreland 168, and in Magnotta v. Murphy, 19 Lack. Jur. 119, it was held that an amendment of mechanic's lien could not be allowed by substituting a description of a property at a location entirely different from that mentioned in the lien after the time for filing had expired. Although the word "property" as used in the act includes both real estate and the improvements thereon, section 11 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, as amended, 49 PS §53, further provides that the lien shall set forth "the locality of the structure . . . and a description of the real estate upon which the same is situate."

It therefore appears that the description is entirely erroneous, and the error must be considered to be one of substance. Under the exception contained in section 51 of the act the amendment cannot be allowed.